BURDICK *against* GREEN.

*Where the declaration contains a special count on a promissory note, and, also, the common counts, for money lent, &c. and for goods sold and delivered, &c. the plaintiff may elect the count on which to give the note in evidence.*

*Where the defendant pleads his discharge under an insolvent act, passed subsequent to the making of the contract on which the suit was brought, and which would, therefore, have been bad on demurrer; and the plaintiff, instead of demurring, replies fraud, and goes to trial on the issue as to the fact of fraud or not, which is found against him; yet, as the plea of such a discharge contains no ground of defence to the action, the Court may, notwithstanding the verdict, give judgment for the plaintiff.*

*The issuing of the writ is the commencement of the suit, in all*

THIS was an action of assumpsit, tried at the last circuit in *Clinton* county, before the Chief Justice. The declaration contained five counts; 1. On a promissory note made by the defendant, dated at *St. Raw,* in *Lower Canada,* the 21st of *June,* 1810, for 1,525 dollars, payable to the plaintiff or order, on the first of *August* following: 2. On the same note, stating an endorsement of it by him to *Joel Ketchum,* and that *K.* afterwards, on the 31st of *July,* 1816, reassigned the note, it not having been paid, to the plaintiff. 3. For money lent, money paid, and money had and received. 4. For goods sold and delivered. 5. A *quantum valebant* for goods sold, &c.

The defendant pleaded, 1. *Non assumpsit;* 2. The statute of limitations; 3 and 4. A discharge under the insolvent act of. 3d of *April,* 1811, and two other pleas which were disposed of by the Court, on demurrer. (*Vide* S. C. 15 *Johns. Rep.* 247.)

The plaintiff replied to the *second* plea, that a capias was sued out on the 31st day of *July,* within six years next before, &c., and to the 3d and 4th pleas, that the discharge of the defendant under the insolvent act was fraudulent, &c. The defendant rejoined, taking issue on these replications.

From the caption of the declaration, and the memorandum in the *N. P.* record, it appeared, that the suit was commenced on the 17th of *August,* 1816. At the trial, the defendant's counsel called on the plaintiff to elect to which count the note which had been offered in evidence should be applied, as there were special defences and different pleas to the several counts, contending that the defendant had a right to have it applied to such count as he pleased, and apply to it the defence set up under such count; but

cases where the time is material, so as to save the statute of limitations. And it is not necessary to show that the writ has been returned, nor that it was actually delivered to the sheriff; but it is sufficient, if it appear that the writ was made out and sent to the sheriff, or his deputy, by mail or otherwise, with a *bona fide,* absolute, and unequivocal intention of having it served.

the Judge ruled that the plaintiff might apply it to any count he pleased. The plaintiff offered to prove, by parol, the time of issuing the writ, in order to save the statute; but it being objected that such evidence was inadmissible, and that the writ ought to be produced, the Judge reserved the question, and allowed the evidence to be given. The plaintiff's attorney then testified, that " in the latter part of *July*, 1816, the plaintiff came to his office in *Granville*, and took the note and went to *Troy* to get an assignment of it from *Joel Ketchum*, and returned a day or two before the 31st of *July*, 1816, without the note; and the witness then made out the writ and entered it in his register, either then or afterwards, as of the 31st of *July*, as that would be the last day before the statute of limitations would attach, in order to give time to have the assignment of the note made in *New-York*, to which place *J. K.* had removed, and to which the plaintiff informed him he had sent the note to be assigned; that he gave the writ to the plaintiff, with directions not to deliver it to the sheriff before the 31st of *July;* and some time afterwards, he received the note and assignment by mail from *J. K.* from *New-York*." The defendant's counsel then insisted, that if the making out of the writ was to be considered as the issuing of it, it was issued before the right of action accrued to the plaintiff; and that the plaintiff was bound to show that the writ was delivered to the sheriff in time to save the statute. The plaintiff then offered to go into evidence under the common counts, and to recover for the original consideration of the note; and he called a witness, who stated, that the note was made at *St. Raw*, in *Lower Canada*, on the 21st of *June*, 1810; that the plaintiff and defendant were in partnership in a raft of timber which they had collected, and that *B.* sold his share of the raft to *G.*, which was the consideration of the note. The witness, on his cross examination, stated, that the other business of the partnership between the plaintiff and defendant, was settled at the same time, and provision made for the payment of the debts of the partnership, &c. that there was an agreement in writing respecting the settlement, and which was delivered to *B.*, with the note. The defendant's counsel objected to the parol evidence altoge-

ther, as there was a special agreement in writing, and the transaction of such a nature, as could not be given in evidence under the common counts. The Judge reserved the question. The counsel for the defendant then moved for a nonsuit, on the ground that the plaintiff had not given evidence sufficient to entitle him to recover; and that he could not resort to the common counts, &c., and he insisted, that the plaintiff was bound to prove his issue under the replications to the pleas of discharge under the insolvent act, as to which no evidence whatever had been produced. The Judge reserved the points; and, by consent, a verdict was taken for the plaintiff, subject to the opinion of the Court on all the questions of law and fact, with leave to either party to turn the case into a special verdict. And it was agreed, that if the Court should be of opinion that the evidence was not proper, or that the plaintiff was not entitled to recover upon it, under the pleadings, that then judgment should be entered for the defendant, and the issue on the question of fraud be considered as found for the defendant, in case a special verdict was made.

*Z. R. Shepherd*, for the plaintiff. 1. The plaintiff has the right to elect to which count to apply his evidence; and where he fails to support a count, on a special contract or agreement, he may resort to the general counts. (*Tuttle* v. *Mayo*, 7 *Johns. Rep.* 132.)

2. The plaintiff was not bound to produce the writ, in order to show the time when it was issued. When the contents of a paper or written instrument are to be shown, the paper itself must be produced, but the existence of such paper may be shown by parol. The writ might now be produced to the court. (2 *Johns. Rep.* 48.) But it would be absurd to require the production of a paper, which, when produced, would prove nothing. The taking out of the *latitat* is the true commencement of a suit in *England*, and the true time may be averred and shown, contrary to the *teste* of the writ. The mere writ would not show the *actual* time of issuing it. (4 *Esp. N. P. Rep.* 100. 2 *Burr.* 959.) The pleadings admit the existence of the *capias*.

3. The caption of the declaration, and the memorandum of the *N. P.* record, are no more than *prima facie* evidence of the time of issuing the writ, and may be rebutted by parol evidence of the true time of its issuing.

4. But the principal question is, whether the writ was so sued out as to prevent the statute from running against the plaintiff's demand. It is settled, that the issuing of the *capias* is the true commencement of the suit. (1 *Caines,* 69. 3 *Johns. Cas.* 145. 2 *Johns. Rep.* 342.) The writ was made out before the 31st of *July,* and though before the re-assignment of the note by *Ketchum,* it was sufficient. The note was in the possession of the plaintiff, and was his property; he had a right to sue upon it ; and taking the endorsement afterwards, will not defeat the action. The time of the endorsement by *Ketchum,* whether before or after the commencement of the suit, was immaterial, as long as the plaintiff was the true owner of the note. (*Baker* v. *Arnold,* 1 *Caines,* 269. per *Thompson,* J.) But if this is not the law, still the plaintiff might, under the general counts, resort to the original consideration, on producing and cancelling the note. A promissory note does not extinguish the antecedent debt. (15 *Johns. Rep.* 247.) When the writ was made out, and the suit commenced, the note was the property of the plaintiff, who could have produced and cancelled it at the trial.

5. The agreement in writing, relative to the settlement of the partnership between the plaintiff and defendant, did not relate to the note, and ought not to prevent the plaintiff from giving evidence of the original consideration.

6. The contract was made in 1810, and the defendant was discharged under the act of 1811 ; according, then, to the decision of this Court, in *Roosevelt,* v. *Cebra,* (17 *Johns. Rep.* 108.) which admits the law as laid down by the Supreme Court of the United States in *Sturges* v. *Crowninshield,* (4 *Wheat. Rep.* 122.) the debt was not discharged.

7. The defendant was not bound to prove the issues on the pleas of a discharge under the insolvent act, as they are immaterial, it appearing that the cause of action accrued before passing the act. Judgment may be given upon them, notwithstanding the verdict. (*Tidd's Pr.* 828. 2 *Saund.*

NEW-YORK,   319. n. 6.   5 *Comyn's Dig.* 511. (R. 18.) *Cro. Eliz.* 227.
May, 1820.   241.   1 *Str.* 394.)

BURDICK
v.
GREEN.
      *Walworth,* contra. The defendant was bound to make
out the issue as to his discharge under the insolvent act.
The cause of action, as laid in the declaration, arises after
the act. The plaintiff should have replied the fact, that it
was before the act, in order to bring the case within the
decision of the Supreme Court of the *United States.*
Electing, however, another ground, that the discharge was
fraudulent, he was bound to prove that issue. He cannot
rely on facts *dehors* the record, to show that the issue was
immaterial.

      It appears that the note was in the hands of *Ketchum*
when the suit was actually commenced, and the plaintiff
seeks to recover on a subsequent assignment to him. The
facts stated are not sufficient to raise an implied *assumpsit*
to pay to the plaintiff. The mode of transferring a nego-
tiable note is by endorsement, which raises an implied as-
sumpsit. An assignment creates an express assumpsit.
This is an attempt to support an implied assumpsit, on a
distinct assignment. The plaintiff grounds his action on
the fact, that the note was re-assigned by *K.* under his
hand and seal, in consideration of which the defendant un-
dertook and promised to pay the plaintiff. He cannot now
rely on the fact, that he was owner of the note before the
assignment.

      Again; the plaintiff ought to have shown the true time of
commencing the action; and for that purpose he should have
produced the writ, that the Court might see whether it had
been returned by the sheriff. For aught that appears,
the attorney may have kept the writ in his pocket. It
should be proved that the writ was delivered to the sheriff.
In *Brown* v. *Babington,* (2 *Lord Raym.* 883.) and in *Harris*
v. *Woolford,* (6 *Term Rep.* 617.) it was held, that in order
to save the statute, it is not enough to show merely that a
writ was sued out, but the plaintiff must show that it has
been returned. At least, a delivery of the writ to the sheriff
is requisite; (*Bronson* v. *Earl,* 17 *Johns. Rep.* 65.) and
there is no evidence whatever of that fact. It is admitted

that the caption of the *nisi prius* record is *prima facie* evidence of the time of commencing the suit. The defendant holds the affirmative of the plea of the statute; and the plaintiff, by replying the fact of the commencement of the suit within the six years, holds the affirmative as to that fact, and must show not only the existence of the writ, but that it was duly issued in time. *(Garland* v. *Chattle,* 12 *Johns. Rep.* 430.)

Again; the defendant having established a legal and technical defence to the special counts, the plaintiff cannot resort to the common counts. There is no variance between the count on the note and the proof. The plaintiff sets out one cause of action, to which the defendant makes out a complete bar; can the plaintiff then resort to another cause of action? (2 *Term Rep.* 172.) The defendant came prepared to defend himself against the special counts; it would be a surprise upon him, if the plaintiff is allowed to resort to the money counts. Suppose the defendant had pleaded payment of the note, and had came prepared to prove the fact, would the plaintiff be allowed to abandon the count on the note, and resort to the common counts? (7 *Term Rep.* 727.)

But the plaintiff, on the evidence, was not entitled to recover on the common counts. A note is *prima facie* evidence of money lent, &c. If the plaintiff shows that the note was given for something else than money, he cannot recover under the count for goods sold and delivered. Here was, in fact, no goods actually sold and delivered. The note was given on the settlement of a partnership concern.

*Shepherd,* in reply, said, that sending the writ to the sheriff was issuing it, and that it was not necessary to show it returned. Each count in a declaration states a distinct cause of action; and if the plaintiff fails to support one count, it does not prevent his proving another, and recovering on it.

PLATT, J., delivered the opinion of the Court. The case states, that " from the caption of the declaration, and the memorandum of the *nisi prius* record, it appeared that

NEW-YORK, the suit was commenced on the 17th of *August*, 1816." But
May, 1820. I presume that those relate to the *filing of the bill*, or decla-
ration.

BURDICK
v.
GREEN.

At the trial a question was raised, whether the plaintiff
had a right to elect his count, on which he would apply
the note declared on; and it was properly ruled that he
might.

No attempt was made to prove that the discharge, under
the insolvent act, was fraudulent; nor was there any evi-
dence offered in relation to that discharge.

The discharge being formally pleaded by the defendant,
and the plaintiff having replied fraud, the discharge was
admitted by the pleadings. But as it appears on the face of
the pleadings, that the contracts declared on were made
prior to the insolvent act of 1811, under the late decision
of the Supreme Court of the *United States*, the plaintiff
might have successfully demurred to that plea; and although
he has not done so, and has chosen to go to trial upon the
issue of fact, that is, fraud or no fraud in the discharge,
and that issue must be considered as found against him;
yet as the allegation in the plea, if true, contains no ground
of defence, we should be justified in rendering judgment for
the plaintiff on that point, *veredicto non obstante*.

But we are of opinion, that the defence was complete,
under the plea of the statute of limitations. The note was
due, and the whole cause of action arose, on the 1st day of
*August*, 1810. There is no doubt as to the rule, that the
*issuing of the writ* is the commencement of the suit, in all
cases where the time is material. The question on this
evidence is, whether the plaintiff has proved that the *capias*
was sued out before the six years expired?

We do not think that it is indispensably necessary in such
cases to prove an actual delivery of the writ to the sheriff;
provided it be shown, that it was actually made out and
sent to the sheriff, or his deputy, by mail, or otherwise,
with a *bona fide* and *absolute intention* of having it served.
But such intention must be positive and unequivocal.

The evidence is not satisfactory on that point. The
writ is proved to have been made out by the attorney, and
delivered to the plaintiff, before the note was reassigned to

the plaintiff; and, of course, before his cause of action accrued. At that time the note belonged to *Ketchum*. The attorney directed the plaintiff not to deliver the writ to the sheriff till the 31st of *July*. The whole transaction shows, that it was uncertain when, if ever, the note would be reassigned by *Ketchum* to the plaintiff; and in issuing the writ, no respect was had to any other cause of action than the note itself; and it is fairly to be inferred, that if the note had not been obtained from *Ketchum*, the writ would have been suppressed by the plaintiff, and never delivered to the sheriff. The reassignment of the note by *Ketchum* to the plaintiff, bears date the 31st of *July*, 1816, at *New-York*, and was sent, by mail, from thence to *Granville*. There is no evidence when it was actually received; but it could not have reached *Granville*, until *after* the 31st of *July*, 1816. It is not shown *when* the writ was delivered to the sheriff; and the reasonable presumption is, that all remained in suspense, and that there was no *positive intention* to institute a suit until the note was actually received by the plaintiff's attorney from *Ketchum*; and then the attorney entered the suit in his register, he says, " as of the 31st of *July*, 1816." The truth, no doubt, is, that he received the assigned note after the six years had expired; and he, probably, then antedated the entry of the suit in his register; which entry never would have appeared in his register, if *Ketchum* had refused to reassign the note. Such reassignment was an event *uncertain* at the time the attorney gave the writ to his client, to be used or not, according to that contingency; and the plaintiff could not make his election, whether to consider the suit commenced or not, until the contingency was known to him; which was not until after six years had elapsed.

Upon this view of the subject, it is immaterial which count the plaintiff elected to claim under; for if he relies on the original ground of indebtedness, as for goods sold, &c. the evidence is equally strong to show, that the writ was not issued with an absolute and unconditional intention of having it served, until after the statute had run six years.

Besides, the original agreement, upon the dissolution of the partnership between the plaintiff and defendant, which

NEW-YORK,
May, 1820.

formed the consideration of the note, was reduced to writing at the time, and signed by the parties; and the objection was well taken at the trial, that the contract could not be proved by parol. The plaintiff failed to produce the written agreement, and on that ground, the claim *as for goods sold*, &c. failed.

A verdict was taken for the plaintiff, subject to the opinion of the Court, upon all the questions of law and fact.

We are of opinion that the defendant is entitled to judgment, pursuant to the stipulation in the case.

Judgment for the defendant.