THOMAS M. FOLKS, Respondent, v. CHARLES C. YOST et al., Appellants.

Kansas City Court of Appeals, May 1, 1893,

1. **Special Tax Bill:** LIMITATION. Under the charter of Kansas City, Laws of Missouri, 1875, p. 251, the two years' limitation against the lien of a special tax bill commences to run from the date of its delivery to the contractor and not from the date of bill itself.

2. **Definitions:** TO ISSUE TAX BILLS. To issue is to send forth, to put in circulation, to emit, and to issue tax bills as ordinarily understood necessarily includes delivery to some one.

*Appeal from the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Affirmed.

*J. B. Hamner* and *Henry N. Ess*, for appellants.

(1) There was no lien on these lots at the time of the trial of this cause. The court below erred in holding that such lien existed. The tax bills were issued October 8, 1889, receipted for October 11, 1889, suit brought October 10, 1891, not within two years after their issue, October 8, 1889. City Charter, Session Acts, 1875, art. 8, secs. 3, 4, pp. 251–2. (2) Within the meaning of our city charter these tax bills were issued October 8, 1889, when the city engineer made the necessary computation and made out and signed the tax bills. Sec. 3, p. 241, *supra.* The delivery is not a part of the issue. (3) The date of the tax bill is the date of issue, for this statute requires the pleader to state in his petition "the date and contents thereof." Sec. 4, p. 252. (4) The tax bill itself, whose date is required to be stated in pleading, is *prima facie* evidence "of the validity of the bill, of the doing of the work and of the furnishing of the material charged for, and of the liability of the property to the charge stated in the bill." The date of the tax bill is the date of issue, from which time interest is to be computed. The interest to be paid is as much a part of the charge as the principal, which charge for principal and interest the tax bill is *prima facie* evidence, hence the date of the tax bill must be pleaded. (5) This suit was not brought within two years from the issue of the tax bills, hence the lien expired October 11, 1891, notwithstanding suit was brought October 10, 1891, for that is not within two years from the issue of the tax bill, October 8, 1889. Session Acts, 1875, sec. 4, art. 8, p. 252.

*William C. Scarritt*, for plaintiff.

The suit was commenced during the continuance of the two years' lien given by the charter, and the lien continues until the determination of this legal proceeding.

GILL, J.—This is an action to enforce certain special tax bills issued by Kansas City for the construction of sidewalks in front of defendants' property.

The only question is whether, at the institution of the suit, the lien had expired by reason of the two years limitation provided in the charter. The facts as agreed are as follows: On completion of the work, the city engineer computed the cost of the work, apportioned same among the lots to be charged therewith according to frontage, and made out the tax bills. The engineer's certificate appended to the bills was dated October 8, 1889. The tax bills were delivered to and receipted for by the contractor October 11, 1889, and were then indorsed on the back by the city engineer, "Issued October 11, 1889." The suit was begun October 10, 1891. On this state of facts the circuit court held the plaintiff entitled to recover, and defendants appealed.

The portions of the Kansas City charter as it existed when these bills were issued and necessary to be here construed read as follows: "When any work shall be completed * * * the city engineer shall compute the cost thereof and apportion the same among the several lots or parcels of land to be charged therewith, and charge each lot or parcel of property with its proper share of such cost, according to the frontage of the property. The city engineer shall, after so apportioning and charging the cost of any work, make out and certify special tax bills, according to such apportion-

ment, and charge in favor of the contractor to be paid, against the several lots or parcels of lands charged, and register the same in full in his office, and deliver such bills to the party in whose favor issued for collection, and take his receipt therefor at the foot of the register thereof in full of all claims against the city on account of said work." Laws, 1875, sec. 3, p. 251. Again, section 4, page 252, reads: "Every such tax bill shall be a lien on the property therein described, against which the same may be issued on the date of the receipt to the city engineer therefor, and such lien shall continue for two years thereafter, but no longer, unless suit be brought to collect the same within two years from the issue thereof, in which case the lien shall continue until the determination of the legal proceedings to collect the same, * * * and each tax bill shall bear interest from its issue at the rate of fifteen per cent. per annum, if not paid in thirty days after the issue thereof."

It will be seen that the right to enforce this special tax lien is limited by the statute to two years after the *issue* of the same. Defendant's contention is that when the tax bill is made out and certified to by the city engineer, it is then *issued* regardless of the time of delivery to the contractor; while plaintiff insists that the tax bill is not *issued* until delivered to the contractor. If defendant's position is correct, then, since the engineer's certificate as to the correctness of the bill is of date October 8, 1889, and this suit was commenced October 10, 1891, it is clear that the lien had expired before suit brought. However, the trial court held with the plaintiff on this question and decided that the tax bills were not issued until delivered to the contractor on October 11, 1889, and we find little difficulty in coming to the same conclusion.

The ordinary and commonly accepted meaning of "to issue" is to send forth, to put into circulation, to emit, as to issue bank notes, bonds, etc. Anderson's Law Dictionary, 569; Webster's Dictionary. To issue tax bills then, as ordinarily understood, necessarily includes delivery to some one; just as municipal bonds may be written out or printed and signed, but they are not issued until sent out, delivered or put into circulation. Now, is there anything in the foregoing statute that indicates any intention by the legislature to use the term *issue* (when referring to the execution and delivery of special tax bills) in any different sense than as usually understood? We think not. Counsel for defendants, at the oral argument, seemed to place much emphasis on the clause directing the engineer to "deliver such bills to the party in whose favor *issued*," etc., arguing, as we gathered his meaning, that this necessarily meant that the bills had already been issued before delivery. We regard such an interpretation of the word *"issued"* as too narrow and not in keeping with the general context of the act. As we understand it, the charter directs the engineer to compute and apportion the cost of the improvement, to make out the tax bills in accordance with such computation and apportionment, and to verify the same by attaching to the bills his certificate. It is then the engineer's duty to register the same in a book kept in his office. The tax bills *then* are prepared for delivery to the contractor who shall take the same and give his receipt entered on the face of such register. It is not till then they are *issued*. And when so issued they become at once a lien or charge on the property, carrying along and as incidental to the main charge interest at the rate of fifteen per cent. from such issue (unless paid within thirty days after such issue). Then appears the statute of limitation for such

cases and requires the holder of the bill to sue within two years from said *issue* or lose the lien.

The construction placed on the statute by the learned counsel for the defendants would present this remarkable feature; there would be a lien in favor of the owner of the tax bill for a period of two years from "the date of the receipt to the city engineer," though for a portion of that time no suit could be maintained to enforce it. For it is clear that under section 4 the tax bill is a lien for two years beginning with the date of the delivery to the contractor; and if then the limitation for the institution of a suit to foreclose the lien ends two years after the tax bill is made out and certified by the engineer, there would clearly in the case at the bar and those similarly situated be a period of an existing lien but no right for enforcing same—a right indeed without a remedy.

The judgment will be affirmed. All concur.