G. K. WHITE, Respondent, v. HOMER REED, Appellant.

Kansas City Court of Appeals, January 14, 1895.

1. **Commencement of Action:** FILING PETITION: PROCESS. The mere writing or filling up of blank summons and lodging these in the clerk's office is not an issue of process, following *Folks v. Yost*, 54 Mo. App. 55.

2. ———: AMENDMENT OF 1889. The amendment of 1889 to section 2013, Revised Statutes, has added nothing to the force, meaning or effect of the section, following *Lumber Company v. Wright*, 114 Mo. 326.

3. ———: INTENTION: LIMITATION. Whatever act is to be taken as the commencement of the suit, it is essential, in order that it may avoid the bar of the statute of limitation, that such act be done with a *bona fide* intention that the process shall be served at once upon the defendant.

4. ———: FILING PETITION: SERVICE. The rule in this state that the filing of the petition is the commencement of an action rests on the basis that the deposit with the clerk serves as a *præcipe* and puts in motion the machinery of the law; and, if the plaintiff of his own volition stops the operation of the machine by delaying the issue of the writ or its service, he can not contradict the fact and declare the law's machinery to be in motion when he had put it at rest.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED.

*Ess, Block & Georgen* for appellant.

(1) This suit was not *bona fide* commenced within two years. Buswell on Limitations, secs. 352, 353, 354; *Society v. Whitcomb*, 2 N. H. 227; *Johnson v. Farwell*, 7 Me. 370 (7 Greenleaf, side p.), see pp. 373, 374. That there must be an intent to make immediate

service combined with the institution of the suit, in order to arrest the running of the statute, we refer to the following cases as decisive: *Mason v. Cheney*, 47 N. H. 24, in which many other decisions are cited holding the same way. *Burdick v. Green*, 18 Johnson (N. Y.) 14 at pp. 20, 21; *Vischer v. Gansevoort*, 18 Johnson (N. Y.) 496; *Howell v. Shepard*, 48 Mich. 472; *Jackson v. Brooks*, 14 Wendell, 649 (pp. 658, 660, 661), overruling; *Beekman v. Saterlee*, 5 Cowen, 519; *Clark v. Keller*, 3 Bush. (Ky.) 223; *Wolfenden v. Barry*, 65 Iowa, 653; *Ross v. Luther*, 4 Cowen, 158; *West v. Engel*, 14 S. Rep. 333; *Seever v. Lincoln*, 21 Pick. (Mass.) 267; *Fairbank v. Farwell*, 141 Ill. 354; Angell on Limitations, sec. 320; Buswell on Limitations, sec. 320; Bennett on Lis Pendens, sec. 58. A similar doctrine, under similar conditions, is laid down in *Witters v. Sowles*, 32 Fed. Rep. 758. And see on the general doctrine, *Maddox v. Humphries*, 30 Tex. 494; *Veramendi v. Hutchins*, 48 Tex. 531; *Bisbee v. Evans*, 17 Fed. Rep. 476; *Lamkin v. Nye*, 43 Miss. 241; *Pindell v. Magdwell*, 7 Ben Monroe, 314; Wood on Limitations, sec. 291; *Gardner v. Weber*, 17 Pick. (Mass.) 412; Buswell on Limitations, sec. 356; *Moor v. Copper Co.*, 1 Eq. Cas. Abr. 39; *Bank v. Cason*, 10 Ark. 479; *Hallum v. Dickinson*, 47 Ark. 120. (2) These two Arkansas cases, decided upon a statute reading exactly the same as ours as to what shall constitute the commencement of an action, are directly in conflict with the decision of our supreme court in the case of *Lumber Co. v. Wright*, 114 Mo. 326. This case is probably relied upon by the respondent, but we respectfully submit that when carefully considered it is an authority in favor of appellant. Now, in the case at bar, other things do appear and these things are sufficient to defeat the claim that this suit was *bona fide* commenced within the two years. *Press Brick Co. v.*

*Barker*, 50 Mo. App. 60; *Watkins v. Railroad*, 53 Mo. App. 659. But such a construction on behalf of respondent would necessarily overrule the case of *Folks v. Yost*, 54 Mo. App. 55.

*Daniel B. Henderson* for respondent.

(1) This suit was commenced within the two years required by the charter. Charter and Rev. Ord. of Kansas City, art. 8, sec. 4; *Lumber Co. v. Wright*, 114 Mo. 326; *Dobyns v. Meyer*, 20 Mo. App. 66. (2) Appellate court will not review the facts passed upon by the lower court sitting as a jury. *Hamilton v. Boggess*, 63 Mo. 233.

GILL, J.—This is an action to enforce a special tax bill for street grading in Kansas City. Said tax bill was issued October 16, 1889, and the main defense is that suit thereon was not commenced within the two years' limitation provided by the Kansas City charter. The cause was tried by the court sitting as a jury, resulting in a finding and judgment in plaintiff's favor, and defendant appealed.

The following, taken largely from the defendant's brief, we find to contain a fair statement of the case:

The petition in this suit was filed in the circuit clerk's office on October 15, 1891, but the summons was not actually made out, signed and sealed by the clerk until October 23, 1891, and was not delivered to the sheriff until October 26, 1891. This failure of the clerk to issue the summons upon the filing of the petition was caused by certain instructions given to him by plaintiff's attorney, when the petitions were filed. The chief deputy clerk testified that, when plaintiff's attorney filed this petition, along with twenty others, he instructed him, the deputy, not to issue on them;

that he had no copies of the petitions, and that he, the
attorney, would bring copies in a few days; that he,
the clerk, thereupon marked on one of the petitions
"don't issue;" and on the appearance docket, "don't
issue; wait for orders;" that in the same appearance
docket, under the same suit, there was written, "writs
actually issued October 23; given to the sheriff on the
twenty-sixth per order;" that the copies of the peti-
tions were brought in by plaintiff's attorney on Octo-
ber 23; that plaintiff's attorney also said, "you need
not deliver to the sheriff until I come down. We will
deliver them all at once;" that there were five or six
of those cases that plaintiff's attorney said he was
going to dismiss; that the parties were going to pay
up, and in some of these cases no summons was ever
issued at all. This testimony of the chief deputy was
substantiated by another deputy who was present at
the time. Plaintiff's attorney testified that he told the
chief deputy not to have service of the petitions on any
of the cases, until he (said attorney) instructed him;
that the chief deputy said he could not get up copies
that evening, and the attorney said, "Well, it is not
necessary, that I had not time to make copies. I will
bring you copies in a few days;" that several days
afterward six of these parties, against whose lots he
had filed suits, remitted him the amount of the tax bills
and costs, and that he went down to the clerk's office
and dismissed the suits. Continuing, he said: "I
deny that I ever instructed McClanahan (chief deputy)
not to issue on those tax bills. What was said was,
that I did not want the petitions—*I did not want the
process served until after I found out how many were
going to pay up.*" On cross-examination, he said: "I
did not care about the service of them right away,
anyhow. I went down and told McClanahan I would

bring the copies in a few days; that I was not in a hurry about the service in the matter."

There was evidence by two other witnesses (attorneys who went to the clerk's office and examined the papers at different dates, from October 17–20) that the words "wait for orders to issue" were indorsed on the papers so filed on the 15th. And on the twenty-third day of October, when plaintiff's attorney brought in the petitions, or copies to be served, these indorsements were changed from, "wait for orders to issue" to "wait for orders to deliver to sheriff." This presumably was done at the instance of plaintiff's attorney, as it seems to have been his contention that the orders were, not to delay the making out the summons in the cases, but to delay the delivery thereof to the sheriff. The defendant, upon this branch of the case, requested the two following instructions, which were refused:

"3. If you believe from the evidence that the summons in this case was withheld from the sheriff until after October 16, 1891, by order of the plaintiff's agent and attorney, you must find for the defendant.

"4. The court declares the law to be that under the pleadings and evidence the verdict must be for the defendant."

I. A critical examination of the evidence adduced at the trial of this cause establishes without question, or real contradiction, the substantive fact, to wit: that plaintiff's attorney in charge of this and the other twenty suits, on October 15, 1891, lodged the original papers thereof with the clerk of the circuit court, with instructions not to issue process thereon till further orders from said attorney. It is immaterial whether the instructions were to delay *making out the writs of summons* (as was the evident understanding of the clerk) or whether the instructions were simply to *prepare the writs for service,* and then *withhold these from the sheriff*

*until future instructions from the attorney.* In either event, there was, in fact, to be no immediate issue of process, as the law contemplates when petitions are filed with the clerk, and this, too, in accordance with the orders of plaintiff's attorney. The mere writing or filling up blank summons and lodging these in the clerk's office, was not issue of process. *Folks v. Yost,* 54 Mo. App. 55.

Recalling dates, it will be observed that the tax bill in suit was issued October 16, 1889, and the two years' charter limitation for continuance of the lien expired with October 15, 1891; and unless, therefore, suit was legally commenced on that day, then this action is barred. The case, then, is this: Was this action legally commenced on October 15, when plaintiff's attorney deposited the petition with the clerk, with instructions not to issue till further ordered? Or, was it first brought on the twenty-third of October, when the restriction was removed and writs ordered out? If the latter was, in legal effect, the true date of commencing the action, then it was too late, the statutory lien was lost, and the action barred by the two years' limitation.

Our statute, section 2013, Revised Statutes, 1889, provides that suits may be instituted in courts of record, first by filing in the office of the clerk of the proper court a petition followed or accompanied by the voluntary appearance of the defendant, or, second, "by filing such petition in such office, and suing out thereon a writ of summons against the person  *  *  *  of the defendant." Then follows the amendment of 1889, not necessary here to repeat, and which, according to a decision of the supreme court, has added nothing to the force, meaning or effect of the section. *Lumber Co. v. Wright,* 114 Mo. 326. On the fore-

going statute, as construed by this decision, and others cited by Judge BLACK, in the opinion, the claim is now made by plaintiff's counsel that the mere filing of a petition in the clerk's office was a commencement of the action, and that, too, regardless of instructions not to issue or not to place the writ in the hands of the sheriff for service. In other words, it seems to be contended, that if the plaintiff's petition was filed with the clerk within the two years after issue of the tax bill, then the action was saved from the statutory bar, even though at the time the clerk was directed not to issue summons thereon, that such instructions were obeyed and thereby issue of process was withheld until after the expiration of the statutory period. We can not assent to this position, opposed, as it is, by reason and the decisions of every court to which our attention has been called, or which we have been able to find, not excepting such as has been promulgated by our own supreme court. Buswell on Limitations, sec. 355; *Seever v. Lincoln*, 21 Pick (Mass.) 267; *Jackson v. Brooks*, 14 Wend. 649; *Howell v. Shepard*, 48 Mich. 472; *Burdick v. Green*, 18 Johns. 14; *Vischer v. Gansevoort*, 18 Johns. 496; *Mason v. Cheney*, 47 N. H. 24; *Society for, etc., v. Whitcomb*, 2 N. H. 227; *West v. Engle*, 14 S. Rep. (Ala.) 333; *Lynch v. Railroad*, 30 Atl. Rep. (N. J.) 187; *Lumber Co. v. Wright*, 114 Mo. 326, and cases cited.

As to what shall be done in order to institute an action, so as to stop the running of the statute of limitations, the rule is not uniform in the various states or jurisdictions. In some, the mere filing of the petition is held to be sufficient; in others, the writ shall be made out and placed in the hands of the sheriff, or other officer entrusted with service; while in some, actual or constructive service on the defendant is required. But, "whatever act is to be taken as the commencement of

the suit, it is essential, in order that it may avoid the bar of the statute, that such act be done with the *bona fide* intention that the process shall be served at once upon the defendant. Buswell on Limitations, *supra*.

In *Seever v. Lincoln, supra*, it was said: "When a writ is made provisionally and delivered to an officer with instructions that it is not to be used until after a certain time, or the happening of a certain event, the action can not be considered as commenced until the arrival of the time, or the happening of the event." To the same effect is *Mason v. Cheney, supra*, where it was held, "that, although the writ be completed and put into the hands of an officer, yet if he be directed not to serve it until after a certain act be done, such as a demand upon the defendant and a refusal, the suit will not be regarded as commenced until after such act is done," citing a large number of cases. "These cases go upon the ground that although the writs were completed, there was no present intention to serve them until some other act was done, which might, in fact, render it unnecessary to make service at all." So in *Burdick v. Green, supra*, it was said: "We do not think it is indispensably necessary, in such cases, to prove an actual delivery of the writ to the sheriff, *provided* it be shown that it was actually made out and sent to the sheriff * * * with a *bona fide* and *absolute intention* of having it served. But such intention must be positive and unequivocal." Judge COOLEY, in *Howell v. Shepard, supra*, uses this language: "The mere filling out of a summons, which is then left in the justice's office until the return day, or which is taken by the plaintiff and retained in his own custody, is not the commencement of a suit. The writ must not only be made out, but it must be issued with the intent that, if practicable, it shall be served."

The principle underlying the foregoing adjudications is, that whatever may be regarded as the commencement of an action—whether it be the lodgment of the complaint with the clerk, without more; the procuring, in addition, of a writ, or the service thereof on the defendant,—such act or acts must be done in good faith and for the real, unconditional purpose of beginning an action; that, even though the plaintiff may deposit his petition with the clerk, yet, if he restrain the issue of a writ, or instruct the sheriff not to serve the same till a future time, then the action will not be treated as brought until such restraint is removed, or until the happening of the contingency, etc.

The very basis on which the decisions in this state (holding the mere filing of the petition the commencement of an action) rest, is, that the deposit thereof with the clerk serves as a *præcipe*, or demand for issue of the writ. The statute provides that suit is begun "by filing such petition in such office and suing out thereon a writ of summons, etc." Filing the petition is a constructive demand for the issue of a summons against the defendant. But this *constructive demand* becomes nullified, if the plaintiff instruct the clerk not to issue process, or not to give it into the hands of the sheriff. In *Gostine v. Thompson*, 61 Mo. 471, it was said, that a deposit of the petition "put in motion the machinery of the law;" that this was all the plaintiff could do, and such filing ought, therefore, to be regarded as the commencement of the action. But the force of this simile is lost, if plaintiff, of his own volition, stop the operation of the machine. And he ought not to be allowed, in that event, to contradict the fact and declare the law's machine to be in motion, when he had put it at rest.

Out position in no wise conflicts with *Lumber Co. v. Wright*, 114 Mo. 326, and which seems so confidently

relied on by plaintiff's counsel. It is there inferentially admitted, that if the plaintiff, when filing his petition, shall instruct the clerk not to issue, then such filing would not operate as the institution of the suit.

Our conclusion, then, is that the facts in this case clearly show that this action was not commenced within the meaning of the law, until several days after the expiration of the two years' limitation; that thereby the lien of the tax bill was lost; and that on the undisputed facts a judgment ought to have been entered for the defendant.

Judgment reversed. All concur.