(1 App. Div. 588.)

## ·NIAGARA GRAPE MARKET CO. v. WYGANT.

(Supreme Court, Appellate Division, First Department.   February 21, 1896.)

ATTACHMENT—PRIORITY.

> Code Civ. Proc. § 697, provides that, where two or more warrants of attachment against the same defendant are delivered to the sheriff of the same county to be executed, their respective preferences are the same as in case of two or more executions.   Section 1406 provides that, in the case of two or more executions, that one has preference which is first delivered to the sheriff.   *Held*, that a warrant of attachment delivered to the sheriff after the delivery of a copy of one previously issued in another ·action against the same defendant, the original of which was retained by the judge by whom it was issued until after such second warrant was delivered, was entitled to preference over the one the copy of which was first delivered.

Appeal from special term, New York county.

Action by the Niagara Grape Market Company against Dennis M. Wygant.   From an order awarding to a warrant of attachment in favor of plaintiff preference over one in favor of Charles Hertzog and another, composing the firm of Hertzog Bros., both warrants being against defendant, Hertzog Bros. appeal.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

George Flammer, for appellants.
J. J. Townsend, for respondent.

RUMSEY, J.   The opposing parties upon this appeal claim under separate warrants of attachment against the defendant, and the appeal is taken from an order awarding to the warrant sued out by plaintiff priority over one procured by the firm of Hertzog Bros., who are the appellants.   The facts are not in dispute.   The warrant of the Hertzogs was granted by a judge on the evening of December 3d.   On the morning of the 4th of December, at an early hour, the plaintiff caused an application for a warrant of attachment to be made to a justice of this court, at his house.   The papers were presented to the justice by a servant.   The warrant was signed by the judge, and the papers were handed by the servant to the plaintiff's messenger, who examined them, and, noticing that the original warrant was not among them, asked for it, but was told that the judge had kept it.   In fact, the judge had retained it by mistake, intending to keep the original bond, that he might cause it to be filed, but keeping the warrant instead.   The young man went away with the papers which had been handed to him, which did not include the original warrant of attachment.   At 9 o'clock, the hour at which the sheriff's office was open, the bearer of each set of papers made his appearance. The plaintiff's attorney presented to the sheriff the papers upon which the application for his warrant had been made, with a copy of the warrant, which was marked No. 1.   The warrant of Hertzog Bros. was next received, and marked No. 2.   Both were received at the same time, and so stamped.   The original warrant in plaintiff's action, which was then in the hands of the judge, was procured from

him, and handed to the sheriff during the day. There is no doubt that the warrant was actually signed by the justice, and the failure to deliver the original warrant was a mere mistake. Upon this state of facts, the court directed the sheriff to award preference and priority to the warrant of attachment issued in plaintiff's action over the warrant issued in the action in which Hertzog Bros. are plaintiffs, and from that order this appeal is taken.

It might, perhaps, be sufficient to say that, as no levy is shown to have been made, and it does not appear that it will be made, or that, when made, the property will not be sufficient to pay the amount of both warrants, the order is prematurely made. But to reverse it upon that ground would leave the same question to arise upon the distribution of the fund, and therefore we have concluded to examine the merits.

The law says that, when two or more warrants of attachment against the same defendant are delivered to the sheriff of the same county, to be executed, their respective preferences are the same as where two or more executions against the same defendant are delivered to the sheriff of the same county. Code Civ. Proc. § 697. In the case of two executions, that one has preference which is first delivered to the sheriff. Code Civ. Proc. § 1406. But the warrant delivered must be one on which the sheriff can act, because, if it is incomplete, or invalid for any reason, so that he cannot proceed upon it and make a valid levy, the plaintiff can acquire no rights under it, and, of course, can have no lien by virtue of it. The sheriff could not act upon the copy of the warrant which the plaintiff delivered to him. If there had been nothing else, no one would claim that any rights could be acquired under it, as against an original warrant, which the sheriff afterwards received, to be executed. But it is said that there was an original warrant, only, instead of having been delivered to the sheriff, it was kept by the judge who had signed it, and was not, in fact, delivered by him to any one. The question is then presented whether the failure to deliver the warrant was fatal to its validity. The fact that the failure to deliver was caused by the mistake of the judge does not affect the case. When the party claims a right in an action at law, he is bound to make it appear that the officer through whose act the right comes into existence has jurisdiction to act; and, if jurisdiction depends upon a valid process, it must be shown to have existed. To create such a process, it must have been fully completed. While the application for it is still sub judice, it has, of course, no force. Neither has it, after the officer has decided the case and concluded to grant it, until he has expressed that conclusion by some act which brings the writ into existence. Especially is this so where, as in this case, there had been no service of the summons, and there was jurisdiction only by the granting of the warrant under section 416 of the Civil Code. To the completion of such an act, it is, we think, necessary, not only that the manual signing should have taken place, but that the warrant so signed should have been by the judge actually delivered to the party, or the officer whose duty it is to execute it. So long as he

still has actual control over it, so that he may recall it, it cannot be said to have a complete existence. The right of the party to have it has not been finally decided. To hold otherwise would be productive of grave inconveniences, and would make the rights of parties to depend upon mere recollection or doubtful inferences, instead of some certain and precise thing, about which there could be no question. It is quite true that it has been held that a party to an action has been held bound to obey an injunction, although the writ had not been actually issued, if he had notice that the court had determined to grant it. Hull v. Thomas, 3 Edw. Ch. 236. But in such cases the court had already obtained jurisdiction of the person of the defendant, and the order was made upon a hearing, and as a proceeding in the cause. People v. Rice, 144 N. Y. 249, 260, 39 N. E. 88. But here there is no jurisdiction until the warrant is granted, and it is not granted until it has been delivered by the judge, with the intention that it shall become operative. The case of Burdick v. Green, 18 Johns. 14, is not in point. The question presented there was whether the capias was issued, so as to take the case out of the statute of limitations. The law required that the writ should be issued before the six years expired. It had been sued out and forwarded to the sheriff to serve. The court held that was sufficient to take the case out of the statute. The question whether jurisdiction had been acquired did not arise.

It is not necessary to consider the matter further. For the reasons above stated, the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to the appellant. All concur.

