DEAN MOORE et al., Appellants, v. JOSEPH RUXLOW et al., Respondents.

### St. Louis Court of Appeals, January 16, 1900.

Practice, Trial: COMMENCEMENT OF SUIT: STATUTORY CONSTRUCTION. Under Revised Statutes 1889, section 2013, a suit shall be deemed to be commenced, in a court of record, when the petition is filed therein.

Appeal from the Knox Circuit Court.—*Hon. Edwin R. McKee*, Judge.

REVERSED AND REMANDED.

*C. R. Fowler* and *L. F. Cottey* for appellants.

(1) It is well settled in this state, that the filing of the petition is the commencement of the suit. Hornsby v. Stevens, 65 Mo. App. 185; Lumber Co. v. Wright, 114 Mo. 326; State ex rel. v. Ross, 122 Mo. 456; McGrath v. Railroad, 128 Mo. 1. (2) The foregoing decisions relate solely to the bar of limitation. In fact we have not been able to find a case in this state where a question of jurisdiction has been raised, as to the time of the institution of the suit, which was not based alone on the question of limitation. There is no question of

Moore v. Ruxlow.

limitation here.    The court will take judicial notice that the ensuing term of the circuit court of Knox county, was the first Monday in June, following these proceedings, which were had in January and February.    The good faith of the plaintiffs and their counsel can not be doubted, and will not be questioned.    There is not a word in this record to even indicate an attempt on the part of plaintiffs or their counsel, to delay or prevent the partition of said lands at the ensuing term of said court.

*G. R. Balthorpe* and *F. H. McCullough* for respondent.

Section 2013, Revised Statutes of 1889 says: "Suits may be instituted in courts of record, except when the statute law of this state otherwise provides, either, first, by filing in the office of the clerk of the proper court a petition setting forth the plaintiffs' cause or causes of action, and the remedy sought, and by the voluntary appearance of the adverse party thereto; or second, by filing such petition in such office, and suing out thereon a writ of summons, against the person or of attachment against the property of the defendants," etc. The filing of a petition acts as an order for summons, but where at the time of such filing, instructions are given the clerk not to issue summons on it, then such instructions abrogate the order for summons, and in that event the filing of the petition is not the commencement of the suit.    This is the well-settled law of this state.    White v. Reed, 60 Mo. App. 380; Bradley v. Welch, 100 Mo. 258, see 266; Lumber Co. v. Wright, 114 Mo. 326, see 334.

BOND, J.—The only question in this case arises upon a plea of former suit pending.    The circuit court upheld this defense and gave judgment dismissing this suit.    Plaintiffs appealed.

The record shows that the plaintiffs and defendants are

jointly interested in eighty acres of land in Knox county, Missouri; that on the twenty-first of January, 1899, plaintiffs brought suit to partition the same; that after filing the petition for this purpose plaintiffs' attorney requested the clerk of the circuit court not to issue process for a few days, or until further instruction; that defendants' attorneys after learning these facts, on the tenth of February, 1899, filed on behalf of defendants a similar suit; that on said day process was issued on both actions and placed in the hands of the sheriff, who received that in the second suit ten minutes before receiving that issued in the first; that he served the process in both actions contemporaneously. The objects of the two actions are the same, the parties are the same, and the property described in each is the same. The only point for decision is, which suit was first begun? The statute governing partition proceedings provides that they shall be conducted as in ordinary actions. R. S. 1889, sec. 7138. The general statute defining the commencement of suits is to wit: "Suits may be instituted in courts of record, except when the statute law of this state otherwise provides, either, first, by filing in the office of the clerk of the proper court a petition setting forth the plaintiff's cause or causes of action, and the remedy sought, and by the voluntary appearance of the adverse party thereto; or second, by filing such petition in such office, and suing out thereon a writ of summons against the person or of attachment against the property of the defendant. The filing of a petition in a court of record, or a statement or account before a court not of record, and suing out of process therein, shall be taken and deemed the commencement of a suit." R. S. 1889, sec. 2013. This statute has been construed by the supreme court in three cases, each of which holds that in courts of record a suit is deemed to be commenced when the petition is filed. McGrath v. Railway, 128 Mo. 1; South Missouri Lumber Company v. Wright, 114 Mo. 326; State ex rel. v. Ross, 122 Mo. loc. cit. 456. The same rule has since been adopted in this court

(Hornsby v. Stevens, 65 Mo. App. 185), hence a different view expressed in Watkins v. Railway, 53 Mo. App. loc. cit. 662, is no longer authoritative, and on that point that decision is overruled. It is claimed, however, by the learned counsel for respondents that the rule in question is inapplicable in this case because the process in this action was not at once issued but was withheld pending further instructions. In resolving this point it is not necessary to pass upon the effect of a withholding of process where the time within which the suit might be brought expires after the filing of the petition but before the suspended process had been issued. In a tax suit presenting that question the Kansas City Court of Appeals held that the suit was not begun as against the intervening statute of limitations. White v. Reed, 60 Mo. App. 380. In the case at bar no obstacle—such as the statute of limitations—accrued against the suit between the filing of the petition and the subsequent issuance of process thereon, nor did the second suit, which was filed with full knowledge of the first, present any question of priority of lien or charge against the property described in the first, for it merely alleged the same rights of parties and prayed the same relief, and was evidently filed only for the purpose of charging the estate to be partitioned with the fees which the court should allow the attorneys who prepared the second petition. The success of this rivalry for fees depended upon the legal status of the petition first filed and the jurisdiction thereof in the court. We think the first suit was begun when the petition therein was filed and that the jurisdiction thus vested in the court was not divested, in favor of the second suit, by the direction of plaintiffs' attorney to the clerk to withhold, temporarily, process thereon. For the reason that such direction became known to the plaintiffs in the second suit, who were the defendants in the first, was clearly for their advantage, and was entirely consistent with a *bona fide* purpose to prosecute the action. Whatever might be the status of the first suit

as to adversary proceedings, based upon a want of knowledge of its institution prior to the service of process, the defendants herein occupied no such attitude. The record shows that through their attorney they were fully informed of the pendency of this action, its purposes, and of the further fact that the delay in the issuance of the process was to prevent the accrual of costs in the event the defendants carried out an agreement to be shortly executed for the sale of the land. As to their second suit for partition we therefore hold that the one at bar was first instituted, and that the judgment of the circuit court to the contrary was error, for which it is reversed and the cause remanded. All concur.