Feeney v. Chapman.

AUGUSTINE FEENEY, Admr., etc., Appellant, v. S. M. CHAPMAN, Respondent.

**St. Louis Court of Appeals, April 23, 1901.***

1. **Special Verdict: REPORT OF REFEREE.** The report of a referee, and his finding of fact, has the force and effect of a special verdict.

2. **Pleading: GENERAL ISSUE: EVIDENCE.** Where the general issue is pleaded, evidence is admissible which tends to show that the cause of action never existed.

3. ——: ——: ——. And in the case at bar, the referee found that the cause of action never existed, that is, that the entries made in his book of accounts by Dr. Bartlett, in the form of charges against respondent, were not made with the intention on the part of Dr. Bartlett as an account of indebtedness due him from respondent, but that the professional services rendered by him to respondent, and of which he made memoranda, were rendered with the understanding that they were offset by professional services rendered by respondent to him.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

The plaintiff, as administrator of Dr. G. T. Bartlett, deceased, sued defendant to recover for professional services rendered by Dr. Bartlett, in his lifetime, to defendant and his

*This case was received too late to be placed in chronological order.

family. The account was opened on January 14, 1884, and closed March 27, 1897. The charges aggregate $1,232.35; credit was given for $401.25. The answer was a general denial; plea of payment and an offset for professional services rendered deceased, in his lifetime, by the defendant as an attorney at law, aggregated $1,250. A reply was filed putting in issue plea of payment and the offset. The case was sent to ex-Judge John L. Thomas, as referee, who after hearing the evidence found, "That the preponderance of evidence is in favor of a finding to the effect that the practices were intended to be offset, and so I recommend." Plaintiff moved to set aside the referee's report. His motion was overruled and judgment entered as recommended by the referee. After an unavailing motion for a new trial the plaintiff appealed.

*R. H. Stanley* and *Phillips & Phillips* for appellant.

(1) The finding and judgment is not based upon any substantial evidence and should be reversed. Hewit v. Steele, 136 Mo. 327; State v. Bryant, 134 Mo. 246; Blumenthal v. Torinni, 40 Mo. 159; Howard v. Cashaw, 33 Mo. 118; Flanders v. Green, 50 Mo. App. 371. (2) Neither the plaintiff, in his petition or reply, or defendant, in his answer, claimed that the "practices should be offset," and it was manifest error to permit the finding to stand. Foley v. Alkire, 52 Mo. 317. (3) The account of plaintiff was properly proven. Anchor Milling Co. v. Walsh, 108 Mo. 277; Fulkerson v. Long, 63 Mo. App. 271; Missouri Tent and Awning Co. v. Legg, 59 Mo. App. 504; Seiglemon v. Rogers, 113 Mo. 649. (4) And as defendant did not object to the introduction of the books to prove the account, he can not now complain. (5) Where the indebtedness is once shown to exist, it is presumed to continue, unless the contrary is shown.

Corder v. Prim, 47 Mo. App. 301; Corder v. Prim, 52 Mo. App. 102.

*S. M. Chapman pro se* for respondent.

(1) The finding of facts by the referee, and his report thereon, have the force and effect of a special verdict. Benevolent Association v. Kibben, 48 Mo. 37; Gimbel v. Pignero, 62 Mo. 242; Mfg. Co. v. Givens, 35 Mo. App. 608-610; Woodrow v. Younger, 61 Mo. 395; Franz v. Dietrick, 49 Mo. 95; Chew v. Ellingwood, 86 Mo. 269; Darling v. Potts, 118 Mo. 529-530; Dempsey v. Schawacker, 140 Mo. 685-687; State ex rel. v. Burckhartt, 83 Mo. 432-3. (2) This is an action by plaintiff, on account, with a general denial interposed. Defendant files a counterclaim and a general denial interposed to that by plaintiff. Under the general denial, defendant may show that he was never indebted to the doctor, or that the services were rendered as a gratuity, either in whole or in part, or he may offer any evidence that will disprove any one or all of the allegations. Green & Meyer's Mo. Practice, sec. 778. Under the general issue, the defendant may prove any fact which went to show that the cause of action never existed. Greenway v. James, 34 Mo. 328; Hoffman v. Parry, 23 Mo. App. 29; Scudder v. Atwood, 55 Mo. App. 521; Madison v. Railway, 60 Mo. App. 608; Sprague v. Rooney, 104 Mo. 360.

BLAND, P. J.—There is evidence in the record tending to support the finding of the referee, that is, that it was mutually understood between Dr. Bartlett and the respondent, that the professional services rendered by each for the other should be offset, one against the other. There can be no doubt of the fact that respondent understood that the services should

be offset and there is evidence tending to show Dr. Bartlett had the same understanding. The report of the referee, therefore, has support in the evidence, and his finding of the fact that the practices should be offset is not reversible error in this court, since it has the force and effect of a special verdict. Dempsey v. Schawacker, 140 Mo. loc. cit. 685; Darling v. Potts, 118 Mo. loc. cit. 529; Chew v. Ellingwood, 86 Mo. loc. cit. 269; Gimbel v. Pignero et al., 62 Mo. loc. cit. 242; State ex rel. v. Burckhartt, 83 Mo. loc. cit. 432. The contention of appellant is that the finding of facts by the referee is different from any theory of the case set up in the petition or answer, and for that reason should be set aside; that a defense not set up nor embraced in the answer can be made the basis of a verdict (or its equivalent, the foundation for the finding by a referee), is too well-settled law to need the citation of authorities in its support. The answer of respondent contains a general denial. Where the general issue is pleaded, evidence is admissible which tends to show that the cause of action never existed. Scudder v. Atwood, 55 Mo. App. l. c. 521, and cases cited. That the cause of action never existed, is the exact facts found by the referee, that is, that the entries made in his book of accounts by Dr. Bartlett in the form of charges against respondent were not made with the intention on the part of Dr. Bartlett as an account of indebtedness due him from respondent but that the professional services rendered by him to respondent, and of which he made memoranda, were rendered with the understanding that they were offset by professional services rendered by respondent to him. The finding of the referee is supported by the evidence, and is not outside of the scope of the defense made by the general denial.

We, therefore, affirm the judgment. All concur.