John G. Newman, Plaintiff in Error, v. The Jefferson City, Lebanon and Southwestern Railway Co. et al., Defendants in Error.

**Kansas City Court of Appeals, October 26, 1885.**

Pleading—Amendment of When Allowable—Mechanic's Lien How Affected by.—Where an action is brought to enforce a mechanics lien, within the ninety days prescribed by law, from the filing of account as a lien ; and at a subsequent term, and after the lapse of ninety days, the petition is amended by correcting an averment as to the name of the original contractor, the petition being similar in all other material respects to the first, the amended petition is only a continuance of the original proceeding, and not the commencement of a new action ; nor is the amendment the substitution of a new cause of action.   Following *Mann v. Schroer*, 50 Mo. 306.

Error to Cole Circuit Court, Hon. E. L. Edwards, Judge.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court.

Edwin Silver, for the plaintiff in error.

I.   It seems to be settled that a petition in a mechanic's lien suit is capable of correction under the general power of amendment.   Phillips on Mech. Liens (2 Ed.) sect. 429, and note.   So section 3207, Article IV., Revised Statutes, under which this proceeding was instituted, provides that the pleadings, practice, process and

other proceedings (in such cases as this), shall be the same as in ordinary civil actions, etc., in circuit court, except as herein otherwise provided; and it is not elsewhere provided in said article that the ordinary practice as to the amendment of pleadings should not apply to actions instituted under said article.

II. This rule will apply, where the amendment is sought to be made after the expiration of the statutory period within which the lien suit must be prosecuted. And it is so held by the supreme court of this state. *Mann v. Schroer*, 50 Mo. 306. And a similar decision was made by the supreme court of Wisconsin. *Witte v. Meyer*, 11 Wis. 299. See also *Phœnix Ins. Co. v. Butchen*, 6 Bradwell 621.

III. Amendments are favored in furtherance of justice and the appellate court will interfere where the trial court has improperly refused to permit an amendment. *Goddard Case*, 72 Mo. 131.

IV. The lien on file was exhibited on the hearing of the motion to dismiss, and fully warranted the plaintiff in making the amendment.

SMITH & KRAUTHOFF, for defendants in error.

I. In the original petition there is no averment of the date of the filing of the lien. This was a material and necessary averment, and no judgment could have been rendered on a petition so fatally defective. Sect. 3207, Rev. Stat.; *Hetzell v. Langford*, 33 Mo. 396; *Bradish v. James*, 83 Mo. 313. The amendment stated the date, and the gist of the cause of action is different from that stated in the original petition.

II. The statute relating to amendments of pleadings is not broad enough to help plaintiff. The original cause of action must not be changed thereby. *Parker v. Rodes*, 79 Mo. 88; *Fields v. Maloney*, 78 Mo. 172; Bliss on Code Pleading, sect. 429. And the gist of the action must be the same in both petitions. *Lumpkin v. Collier*, 69 Mo. 170; *Thieman v. Goodnight*, Sup. Ct. Mo. April Term, 1885.

III. The case of *Mann v. Schroer* (50 Mo. 306), cannot be reconciled with *Gibbons v. St. B. Baker* (40 Mo. 254). Besides, this case is distinguishable from *Mann v. Schroer* in this, that *here* there was *no cause* of action stated, and *there*, a defectively stated cause. This destroys the analogy in fact and in law between the two cases.

IV. To the end that no detriment shall result to the contractor to whom the railroad is indebted the lienor is required to bring his suit within ninety days after filing same and prosecute it without unnecessary delay to final judgment. Here the amendment was made after nine months had elapsed, and the charge was not formal but substantial.

PHILIPS, P. J.—This is an action to enforce a mechanic's lien against the defendant railroads. The question presented for determination on this appeal involves the right of the plaintiff to make a certain amendment of the original petition. The original petition alleged that William M. Willis and S. H. Putnam, partners, were the sub-contractors, and that the money sued for was due from them to plaintiff. At a subsequent term of court, after the lapse of ninety days from the filing of the account as a lien, the plaintiff filed an amended petition, similar in all material respects to the first, with the exception that the time of filing the lien, which was omitted in the first petition, was averred, and it averred that Henry Kolkmeyer was the original contractor, omitting the names of Willis and Putnam and the words sub-contractors. On motion of defendants the court struck out this amended petition, on the ground that it substituted a new cause of action, and that the period of ninety days had elapsed when it was filed within which, under the statute, the action to enforce such lien might be brought.

This action of the court is assigned for error by plaintiff. The contention of defendants is that this amendment substituted an entirely new cause of action,

and as such was not within the provisions of the practice act allowing amendments of the petition at any stage of the proceedings in furtherance of justice. Counsel have discussed the merits of the question involved quite thoroughly and well. But we are of opinion that the question, so far at least as this court is concerned, is answered by the decision of the supreme court of this state in *Mann v. Schroer* (50 Mo. 306). That was an action to enforce a mechanic's lien. The plaintiff in his petition misdescribed the property on which he filed the lien. Subsequently, and more than ninety days after the lien had been filed, an amended petition was filed correcting the mistake. The defendant in his answer distinctly raised the point that when this amended petition was filed the ninety days' limitation had run. The court say: "The original petition was filed and the writ of summons was issued within the ninety days, and the amended petition was only a continuance of the original proceeding, and not the commencement of a new action."

In the case at bar the amended petition was in conformity with the facts disclosed by the lien as filed with the clerk.

We can perceive no difference in principle between the amendment allowed in the case *supra* and the one at bar. The land on which it was sought to enforce the lien, or the particular building or structure, were vital. The answer might well have been made there to the amendment that plaintiff alleged he had filed a lien on another and different piece of property, and I come to meet that charge. Without a proper description no lien would avail. Here was only a mistake as to the name of the contractor. Both amendments were conformable to the account filed for the lien.

We are not here to overrule the supreme court. By express provision of the constitution under which this court exists it is declared that "the last previous ruling of the supreme court, on any question of law or equity,

in all cases shall be controlling authority in said courts of appeal."

Whatever may be said of the opinion in *Mann v. Schroer*, it is but due to the principle announced that it has the support of most respectable authority. See Phillips Mech. Liens (2 Ed.) section 429 ; *Witte v. Meyer*, 11 Wis. 299 ; *Duffy v. Brady*, 4 Abb. Pr. 432 ; *Wasson v. Beauchamp*, 11 Ind. 18.

The circuit court, therefore, erred in striking out the amended petition ; and its judgment is reversed and the cause remanded, with leave to defendants to answer. All concur.