South Missouri Lumber Co. v. Wright.

THE SOUTH MISSOURI LUMBER COMPANY, *Appellant*, v. WRIGHT *et al.*

Division One, February 27, 1893.

1. **Mechanic's Lien:** AMENDMENT. Where a mechanic's lien statement omits part of the land subject to the lien, the lienor may correct the mistake by filing an amended statement at any time within the statutory period for filing lien statements.

2. ———: PRACTICE: BEGINNING OF SUIT. A suit is begun from the time the petition is filed. Revised Statutes, 1889, sec. 2013.

3. ———: ———. The fact that the name of a defendant was omitted from the caption of a petition to enforce a mechanic's lien, *held*, immaterial, especially as it appeared that the petition was amended within the statutory period for bringing the suit and an *alias* summons was asked for.

4. ———: STATUTE: JURISDICTION. The act of the legislature of 1871 (acts 1871, p. 28), which provides that suits to enforce all mechanics' liens in Kaw and Westport townships in Jackson county shall be brought in the circuit court at Kansas City, shows by clear inference (secs. 13 and 18) that Kansas City is situated in said townships, and a petition in a suit to enforce a lien which states that the property is located in Kansas City, sufficiently alleges its *situs* within the townships.

*Appeal from Jackson Circuit Court*—Hon. J. H. SLOVER, Judge.

AFFIRMED.

*Kinley & Kinley* for appellant.

(1) Unless the suit to enforce a mechanic's lien be brought so as to bind the interest of the owner, in this

case also contractor, the lien cannot be sustained against the other parties interested in the property. 2 Revised Statutes, 1889, sec. 6713; *Wibbing v. Power,* 25 Mo. 599; *Fury v. Boeckler,* 6 Mo. App. 24; *Foster v. Wulfing,* 20 Mo. App. 87; *Steinman v. Strimple,* 29 Mo. App. 478. (2) A mechanic's lien is essentially dependent on the existence of a contract between the owner and contractor or material man, and the obligation of debt arising out of the performance by the mechanic or material man. 2 Revised Statutes, 1879, sec. 6705; Phillips on Mechanics' Liens [1 Ed.] par. 112; *Judson v. Stephens,* 75 Ill. 255; *Hooper v. Flood,* 54 Cal. 218; *Clark v. Raymond,* 27 Mich. 456; *Roman v. Thorn,* 83 Ala. 443; *Porter v. Tooke,* 25 Mo. 107. (3) No suit was brought against John A. Wright when the petition was filed on December 28, 1889, for two reasons: *First.* Because his name was not included as a defendant in the names of the parties defendant to the action in the caption. Revised Statutes, 1889, sec. 2039. *Second.* Because no summons or process was issued against him as required by law. Revised Statutes, 1889, sec. 2013; *Pressed Brick Co. v. Barker,* unreported. (4) "Suing out of process," as expressed in above section, should be taken in the generally accepted technical sense. 1 Kent's Commentaries [10 Ed.] 462; *Gage v. Currier,* 4 Pick. 499; *Clark v. City of Utica,* 18 Barb. 451. (5) Appellants Hicks and Foster, having succeeded to the rights of John A. Wright in the property in controversy, have the right to avail themselves of every defense that he could, and his effort to waive any of these rights can be of no avail so far as the interests of appellants are concerned. Phillips on Mechanics' Liens [1 Ed.] sec. 107; *Gray v. Pope,* 35 Miss. 116; *Watson v. Gardner,* 119 Ill. 312; *Lunt v. Stephens,* 75 Ill. 507; *Knox v. Hilty,* 118 Pa. St. 430. (6) The entry of appearance by Wright or the amendments to the petition or summons, if done

after ninety days from filing the lien, do not relate back so as to save said lien from being extinguished or barred by reason of failure to bring suit against him in time. *Bank v. Suman*, 79 Mo. 527; *Bradley v. Kroft*, 19 Fed. Rep. 295. (7) The lien filed December 5, 1889, was a good and valid lien, and a failure to sue thereon was an abandonment of the same. The second lien, filed December 22, 1889, was of no force and void. *Mulloy v. Lawrence*, 31 Mo. 583; *Davis v. Schuler*, 38 Mo. 24; *Planing Mill Co. v. Nast*, 7 Mo. App. 147.

*Palmer & Parker* and *Wallace Pratt* for respondent.

(1) The original petition as filed was sufficient. Revised Statutes, 1889, sec. 2039. (2) The omission of the name of defendant Wright from the caption of the petition was a mere clerical error and would be disregarded by the court at every stage of the proceedings. Revised Statutes, 1889, sec. 2100; *Headlee v. Cloud*, 51 Mo. 301; *State ex rel. v. Patton*, 42 Mo. 530; *Beattie v. Lett*, 28 Mo. 596; *State to use v. Bartlett*, 68 Mo. 581; *Woodard v. Woodard*, 16 L. R. A. 743. (3) The suit was instituted on the lien within ninety days from the filing thereof. Revised Statutes, 1889, sec. 6720; Revised Statutes, 1889, sec. 2013; *Dougherty v. Danney*, 1 Mo. 675; *Hite v. Hunton*, 20 Mo. 286; *Gosline v. Thompson*, 61 Mo. 471; *Spurlock v. Sproule*, 72 Mo. 503; *Brown v. Shock*, 27 Mo. App. 351; *Todd v. Crutsinger*, 30 Mo. App. 145. (4) The amendment in the revision of 1889 did not change the law. Preface, Revised Statutes, 1889, sec. 2013, p. 4. (5) The paper filed December fifth was defective and may be cured by a new lien within the statutory time. *Mulloy v. Lawrence*, 31 Mo. 583; *Davis v. Schuler*, 38 Mo. 24; *Planing Mill Co. v. Nast*, 7 Mo. App. 147. (6) The

court had jurisdiction of the action without any allegation that the property was in Kaw township.   Session Acts, 1871, p. 28.   The court will take judicial notice that Kansas City is in Kaw township.   *Railroad v. Stephens*, 28 Ind. 429; *Stoddard v. Sloan*, 65 Iowa, 680; *Griffing v. Gibb*, 67 U. S. 519; *State v. Foster*, 2 Harrington, 541; *Martin v. Martin*, 51 Me. 366; *State v. Worrell*, 25 Mo. 205; *Woods v. Henry*, 55 Mo. 560; *State v. Daniels*, 66 Mo. 192; *Railroad v. Burge*, 40 Kan. 736.

BLACK, J.,—This is a suit against John A. Wright and some twenty other persons to enforce a mechanics' lien for lumber sold and delivered to Wright and by him used in the erection of eight houses on four contiguous lots in Kansas City.   The last item was delivered on June 24, 1889.   In the following July Wright conveyed the lots to Samuel Foster to secure certain indebtedness held by Charles Hicks. The circuit court gave judgment establishing the mechanics' lien, and the defendants Foster and Hicks only appealed.   The chief defense urged here is that plaintiff lost its lien because it did not commence this suit against Wright, the owner of the property, within the time prescribed by law.

The plaintiff filed two lien accounts with the clerk of the circuit court, one on the fifth and the other on the twenty-first of December, 1889.   The account for lumber is the same in each, but the first omitted one house and a half of one lot on which the house stood. The second corrected this error.

The petition in this case was filed with the clerk of the circuit court on December 28, 1889, and on that day the clerk issued a writ of summons for all of the defendants named in the caption of the petition.   By a clerical mistake the name of Wright was omitted in

the caption, and hence his name was not inserted in the writ. He is, however, repeatedly designated in the body of the petition as "defendant John A. Wright," and the whole structure of the petition is upon the theory that he was a defendant. The petition, when filed, was indorsed in the name of the plaintiff against "John A. Wright *et al.*," and the wrapper containing the papers was indorsed in the same way. The clerk kept what is called an appearance docket, showing the persons for whom the writs were issued, but the name of Wright does not appear on this docket. The clerical error was corrected by the consent of the court by inserting the name of Wright in the caption of the petition on February 15, 1890, though no formal order allowing the correction was made until the day of trial in the following November. On March 11, 1890, the attorney for the plaintiff filed with the clerk a memorandum directing an *alias* summons to be issued for Wright and other named persons who had not then been served. There was indorsed on the wrapper containing the papers the words "*alias* to April Term, 1890," but it seems no such writ was issued. On April 21, 1890, the defendant Wright entered his appearance, and later on the court ordered the original writ to be amended by inserting the name of Wright, and it was so amended.

1. The first inquiry is: When was the lien statement filed, on the fifth or twenty-first of December, 1889? The statute makes it the duty of every person claiming such a lien to file with the clerk of the circuit court a just and true account, etc., setting forth a "true description of the property upon which the lien is intended to apply" within a designated time. It was said in *Mulloy v. Lawrence*, 31 Mo. 583, that the plaintiff could have but one lien, and, if he failed to sue in proper time after filing it, he could not cure the neglect

by filing the same lien again. In the present case the second lien was filed, not for the purpose of extending the time in which to sue, but to correct an error.

The case is more like that of *Davis v. Schuler*, 38 Mo. 28. There the paper filed as and for a lien by a subcontractor was void, because he failed to give the required notice before filing the lien, and it was held he could give the proper notice and then file a second lien statement. The first was in fact no lien at all. So where the plaintiff filed a lien giving a lumping statement of the debits and credits, it was held he could file a second one giving the items of work done and prices charged as required by law. *Williams v. Railroad*, 20 S. W. Rep. 631. In this case the plaintiff had the right to include in one lien all of the houses and lots, for the case made comes within Revised Statutes, 1889, sec. 6729. While the first lien was not void, as in the two cases last cited, still it was defective in this, that it omitted one house and the half of one lot. Being a defective and incomplete lien statement, the plaintiff could file a perfect one at any time within the period prescribed for filing lien statements. The reason and justice of the rule allowing a second statement to be filed when the first is worthless applies as well to a case like this where the statement omits a part of the property. The date of filing the lien is therefore December 21, 1889.

2. The next inquiry is whether this suit was, to use the language of the statute, "commenced within ninety days after filing the lien." A section of the code of civil procedure provides that "suits may be instituted in courts of record" by filing in the office of the clerk of the proper court a petition and the voluntary appearance of the adverse party; or, "by filing such petition in such office, and suing out therein a writ of summons against the person or of attachment against the prop-

erty of the defendant." This section was amended in 1888 by adding thereto this sentence: "The filing of a petition in a court of record, or a statement or account before a court not of record, and suing out of process therein, shall be taken and deemed the commencement of a suit." Revised Statutes, 1889, sec. 2013.

This court held repeatedly, before this amendment, that filing a petition with the clerk is the commencement of a suit. Thus in *Gosline v. Thompson*, 61 Mo. 471, which was a suit to enforce a mechanic's lien, the petition was filed within the ninety days, but the summons was not issued until after the expiration of that time. It was held the suit was commenced in time, citing *Jones v. Cox*, 7 Mo. 173; and *Hite v. Hunton*, 20 Mo. 286. The rule was approved and again applied in *Spurlock v. Sproule*, 72 Mo. 503. The same rule was followed in *Brown v. Shock*, 27 Mo. App. 351, and in *Todd v. Crutsinger*, 30 Mo. App. 145.

But it is said there are other cases in this court asserting a different rule, and that the amendment was added to put the matter at rest. As asserting a different rule we are cited to *Herrington v. Herrington*, 27 Mo. 560; *Metcalf v. Smith's Heirs*, 40 Mo. 572; and *Bailey v. McGinniss*, 57 Mo. 362. These cases hold that there is no *lis pendens* as to strangers until process is served or the voluntary appearance of the defendant. That is certainly a different question from the one in hand. It is when process is served that the court acquires jurisdiction of the subject of the suit, and as an incident to that jurisdiction persons dealing with the *res* are charged with notice of the pending suit. No one can claim even under the statute as amended that the suit is not commenced until process is actually served. These cases are in perfect accord with those before cited.

The case of *Fenwick v. Gill*, 38 Mo. 510 is more to the point. That was ejectment. The defendant objected to a patent offered in evidence by the plaintiff on the ground that it had been issued after the petition in the case was filed. It seems the petition was indorsed and filed one year before the actual date of filing, and the objection assumed as a basis of this erroneous file mark, but this court said the true date appeared from other parts of the record. It was then observed, it is true, that *strictly speaking* the service of a summons is the commencement of a suit. Judge Holmes in making that observation must have had in mind the *lis pendens* rule. Besides this the remark is a mere *dictum*, was not the law then, and is entitled to no consideration. The supposed conflict in the decisions is imaginary rather than real.

Looking now to the amendment of 1889, it will be seen that it adds nothing to the law as it before stood and as it still stands. If the legislature had intended to overthrow the long and well established rule, it should have used language to indicate that intention. The time when a suit is to be deemed commenced in a court of record is not changed by this amendment. There is nothing in the language used to indicate a change.

"To sue out" often means "to petition for and take out, or to apply for and obtain; as to sue out a writ in chancery; to sue out a pardon for a criminal"— Webster. The expression is doubtless used in that sense when applied to the commencement of a suit in those jurisdictions where the first step is the issuing of a writ, followed by filing a declaration, petition or bill. In such cases the suit is founded on the writ. But under our practice filing a petition is the first step, and is of itself a demand for a writ of summons, unless the clerk is otherwise directed. It is not even neces-

sary to file a *præcipe.* Indeed as said in *Gosline v. Thompson, supra,* it is all the plaintiff can do to put in motion the machinery of the law. When the petition is filed, the writ goes, as a matter of right, and the clerk has no discretion in the matter. We do not say that filing a petition with directions to the clerk not to issue a writ is the commencement of a suit, but we do say that the filing of a petition, nothing more appearing, is the commencement of the suit in a court of record. And this is so under the present statute.

The name of Wright was not inserted in the caption of the petition, but that was a mere clerical error, and the summons might have been issued on the petition as it stood. But it is not necessary to say more as to this error; for the petition was amended by inserting the name of Wright in the caption before the expiration of ninety days, and within that time the plaintiff gave the clerk a memorandum asking for an *alias* writ as to Wright. That the suit was then commenced against Wright we have no doubt. The fact that he did not enter his appearance within the ninety days is therefore immaterial. Nor is it essential to say what effect should be given to the amendment of the writ by inserting therein the name of Wright. The suit was commenced in proper time without regard to these facts.

3. It is next insisted that the petition is fatally defective because it does not allege that the property in suit is in Kaw or Westport township. This objection is based upon certain provisions in the act of 1871 (Acts of 1871, p. 28) establishing the twenty-fourth judicial circuit. That act makes Jackson county a judicial circuit, and provides that the court shall be held at Independence and also at Kansas City. In general, the court at each place has jurisdiction throughout the county. The eighteenth section, however, pro-

·vides: ''All mechanics' liens upon real estate situate in Kaw and Westport townships in said Jackson county, shall be filed in the office of the clerk of the circuit court at Kansas City, and suits for the enforcement thereof shall be brought in the circuit court at Kansas City.'' The pleadings in this case do not in terms state that the property in suit is either in Kaw or Westport township, but they do show that it is in Kansas City. While the act does not in terms say that Kansas City is within the territory covered by these townships, still that fact appears by clear inference. Thus the thirteenth section provides that the court held at Kansas City ''shall have exclusive appellate jurisdiction of all causes taken by appeal from the probate court to be held at the said city of Kansas, and of all other causes taken by appeal or *certiorari* from other inferior courts held in Kaw and Westport townships in said Jackson county.'' The exclusive original and appellate jurisdiction given to the court held at the city of Kansas by the two sections before quoted is given to it because held within the territory embraced in the two townships. The special provisions are based upon this theory of fact, and the fact itself is quite as clear as if expressed in so many words. From the act itself we can say that the city of Kansas is within these townships, and, it being alleged that the property is located in the city of Kansas, the objection is not well taken. The judgment of the circuit court is affirmed.