LOUIS HORMANN, Appellant, v. MARY WIRTEL *et al.*, Respondents.

St. Louis Court of Appeals, December 4, 1894.

Mechanics' Liens: FILING OF TWO LIENS ON SAME ACCOUNT: BURDEN OF PROOF. After one valid mechanics' lien has been filed on an account, no further mechanic's lien may be filed thereon against the same property. But, to warrant the rejection of such second lien, it must affirmatively appear, both that the first lien was against the same property, and that it was valid, the burden of proof being on the defendants to the action.

*Appeal from the St. Louis City Circuit Court.—*HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Theodore Rassieur* for appellant.

Where the lienor has filed a void or defective lien, he may file a corrected lien, provided he does so within the time provided by law. *South Mo. Lumber Co. v. Wright*, 114 Mo. 326; *Williams v. Railroad*, 112 Mo. 463, 498; *Mechanics, etc., Co. v. Nast*, 7 Mo. App. 147; *Davis v. Schuler*, 38 Mo. 24; *Sarles v. Sharlow*, 37 N. W. Rep. 748; *Chambers v. Yarnall*, 15 Pa. St. 265; *Seaton v. Hixon*, 35 Kan. 663; *Bournonville v. Goodall*, 10 Pa. St. 133.

*Rassieur & Schnurmacher* for respondents.

A mechanic or material man can have but one lien for the same demand. When he has filed one valid

lien, he has exhausted his right under the statute, and can not recover upon. a subsequent claim. The only exception to the rule exists where the first lien was void or defective, and where this fact is established upon the trial. *Mulloy v. Lawrence*, 31 Mo. 583; *Davis v. Schuler*, 38 Mo. 24; *Williams v. Railroad*, 112 Mo. 463; *South Mo. Lumber Co. v. Wright*, 114 Mo. 326.

ROMBAUER, P. J.—This is an action upon a mechanic's lien. The only error complained of by the appealing plaintiff is the ruling out by the court of the mechanic's lien statement which he offered in evidence. The statement was objected to' on the ground that it showed upon its face that another lien statement had been filed by the plaintiff before, and that the plaintiff had failed to show that the preceding lien statement was invalid.

The point arises in this manner. The lien statement offered in evidence was one filed April 26, 1893, and contained the following memorandum indorsed thereon over the signature of plaintiff:

"The above account is substantially the same account for which the undersigned filed lien number 5582, on April 12, 1893, and this lien statement is now filed . because an error was made in the former statement in describing the real estate and improvements subject to such lien."

It is the settled law of this state that a mechanic can file only one *valid* lien for an account, which is the same in whole or in part, *against the same property*. *Mulloy v. Lawrence*, 31 Mo. 583. The statement of the rule shows its qualifications. In order to preclude a mechanic from enforcing a lien subsequently filed, it must affirmatively appear that the preceding lien statement filed by him was a valid statement and against

the same property. *Williams v. Railroad*, 112 Mo. 463; *South Mo. Lumber Co. v. Wright*, 114 Mo. 326. This is matter of defense. In the case at bar neither of these facts appears. It neither appears that the preceding lien statement was filed against the same property, nor does it appear that it was a valid lien.

The defendants contend that, as it appears from the memorandum indorsed on the statement offered in evidence that the plaintiff had filed a preceding lien, it was incumbent upon him to show, before he could read the second lien statement in evidence, that such preceding lien statement was invalid. The vice of this argument is this. It nowhere appears in the memorandum that the prior statement was filed against the same property; on the contrary it affirmatively appears that it was not. Defendants' counsel seems to be laboring under the impression that, in reading the memorandum, we must give effect to that part only which contains an admission against interest, and reject the other part as a statement in the plaintiff's own favor. Such is not the law. Where an admission against interest is offered in evidence, it must be taken together as a whole. The triers of the fact may give credence to that part only which is against the interest of the declarant, but the court can not reject that part which is in the declarant's favor as having no probative force. 1 Greenleaf on Evidence, sec. 201.

It will be thus seen that, in any view of the case, the rejection of the lien statement offered in evidence was erroneous. The judgment is reversed and the cause remanded. All concur.