MEYER et al., Respondents, v. SCHMIDT et al., Appellants.

St. Louis Court of Appeals, April 14, 1908.

1. MECHANIC'S LIENS: Time of Filing: Discharge. of Original Contractor: Finding of Referee. In an action by a material-man to enforce a mechanic's lien, where the defendant claimed the lien was not filed within ninety days from the furnishing of the last item of material for which the lien was asked, and where the evidence was conflicting as to whether the original contractor had been discharged more than ninety days before the filing of the lien or had continued in the performance of his contract and purchased material after that time, the finding of the referee upon such an issue was binding upon the court.

2. ————: Material Used in the Building: Finding of Referee. In an action to enforce a mechanic's lien where the evidence was conflicting as to whether all the material charged for in the description of the lien was used in the building upon which the lien was sought, the finding of the referee and the approval of the finding by the trial court is conclusive upon the appellate court.

3. ————: Amendments. In an action to enforce a mechanic's lien for material furnished in the erection of a building, where the petition failed to allege that the materials were furnished for the building upon which the lien was sought, it was defective but the defect was such that it could be amended after the evidence was in, by inserting that allegation.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Robert L. Wilson* for appellant.

(1) No lien can be acquired unless the materials go into the building. Grace v. Nesbit, 109 Mo. 15; Deardorff v. Everhartt, 74 Mo. 37; Schulenberg v. Prairie Home Institute, 65 Mo. 295. (2) After the building is accepted by the owner, being substantially completed, the contractor can not afterwards perform some part that was called for in the contract, but has been omit-

ted in the construction, thereby extend the statutory period within which a mechanic's lien may be filed. The time begins to run from the date of delivery of the building to the owner.

*Benj. F. Davis* for respondents.

(1)  Notwithstanding that section 4207, Revised Statutes 1899, requires the lienor to file "a just and true account of the demand due him" he will not lose his lien for items which are proven by including in good faith separate items which are not proven. Lumber Co. v. Kruger, 52 Mo. App. 418; Walden v. Robertson, 120 Mo. 38; Price v. Merritt, 55 Mo. App. 640; Ittner v. Hughes, 133 Mo. 679; Western, etc., v. Mepheam, 64 Mo. App. 50; Ulrich v. Osborn, 106 Mo. App. 492.  (2)  Issues triable by a jury may be referred to a referee, and in that case the referee is the sole judge of the weight of evidence subject to review by the trial court. Appellate courts will not examine his decision touching weight of testimony. Daly v. Timon, 47 Mo. 516; Dunlap v. Elks Club, 25 Mo. App. 180; Feeney v. Chapman, 89 Mo. App. 371.

BLAND, P. J.—Plaintiffs are partners and dealers in hardware, in the city of Cape Girardeau, under the firm name of Meyer & Schwab. Defendant Schmidt is a contractor and builder. Defendant Cape Girardeau County Fair and Park Association is a Missouri corporation and owner of the fair grounds in Cape Girardeau county. In June, 1905, the association contracted with Schmidt to furnish the material and erect a clubhouse on its fair grounds. Schmidt purchased the hardware, with the exception of some nails, from plaintiffs. The bill for the hardware aggregated $415.75. Schmidt paid $100 on the account and for the balance ($315.75) plaintiffs filed a mechanics' lien upon the building and the acre of ground upon which it is situated. Defendants

filed separate answers: that of Schmidt was a general denial and an offset; the association's answer was simply a general denial. By agreement or consent of all parties, the cause was referred to John D. Wilson, Esq., as referee. The referee qualified, heard the evidence and made a finding of the facts, and recommended that judgment go in favor of plaintiffs and against Schmidt for $315.75, and that plaintiffs have a lien on the real estate described in the lien and petition for $311. The defendant association moved to set aside the report of the referee. The court overruled the motion, confirmed the report and entered judgment as recommended by the referee. The lien account was opened on July 11, 1905, and continued through the months of August and September, and to and including October twenty-fourth. On the latter date, one handle for trapdoor, two hooks and eyes and five pounds of eight penny nails are charged in the account. The next preceding date in the account when material was furnished is October tenth. On February 9, 1906, plaintiffs served written notice on the association of their intention to file a lien on the building and ground upon which it is situated and filed their lien on the twenty-third day of the same month.

1. The association contends that Schmidt turned the building over to it on October 10, 1905, and it took possession on that date, settled with Schmidt and discharged him as contractor, and that if plaintiffs furnished Schmidt with the materials charged on October twenty-fourth, such sale cannot operate to continue the account to that date so as to validate plaintiffs' lien. If the items charged on October twenty-fourth be excluded from the lien account, then plaintiffs did not file their declaration for a lien within four months, as required by statute, and for that reason acquired no mechanics' lien upon the building. Plaintiffs' evidence shows that W. L. Goodman was Schmidt's foreman and had charge of the erection of the building. Goodman

swore that he and Phillip Goverau, another carpenter, "overhauled some of the sash in the building, put a handle on a trapdoor, laid the floor in the attic to the water tank, put some hooks and eyes on the slip for them to slip up and down," and that he got all the items charged in the lien account as of October twenty-fourth (except the nails) from plaintiffs on that date and used them in the building on the same day. In respect to the fact that work was done on the building on October twenty-fourth, Goodman was corroborated by Goverau. The evidence for the association shows that it held a fair, beginning October tenth, 1905, on the grounds; that it was very anxious to get possession of the building at the opening of the fair and did in fact take possession of it on October tenth, settled with Schmidt on that date, and paid him or his subcontractors the balance due on the contract price. The acceptance and taking possession of the building was not brought about by any resolution of the board of directors of the association, or by any concerted action of the building committee, but by the action of the chairman or secretary of the committee, with the individual concurrence of two or three of its members. The evidence also tends to show that one member of the building committee objected to receiving the building at the time it was received for the reason, as he contended, it was not completed according to the plans and specifications. Schmidt testified that he told the representatives of the association at the time he turned the building over to them, that if there was anything lacking he would send a man out to finish after the fair was over, and that he sent a man out after the fair to take up the "little odds and ends." As to whether or not the lien account was filed in time was an issue of fact submitted to the referee. The evidence on this issue was somewhat conflicting, but we do not think it tends to show there was an unconditional discharge of Schmidt from his obligation as contractor, by surrender-

ing possession of the building on October tenth, and that the surrender really made at that time was in the interest of the fair, which was open on that day, and with the understanding that Schmidt should do whatever was necessary to the completion of the building after the fair. At any rate there is substantial evidence in support of the finding of the referee that the lien was filed within four months from the date of the last item of the account. This finding is in the nature of a special verdict and having been confirmed by the circuit court is not subject to review on appeal. [Berthold v. O'Hara, 121 Mo. 88, 25 S. W. 845; Dempsey v. Schwacker, 140 Mo. l. c. 688; 38 S. W. 954, 41 S. W. 1100; Feeney v. Chapman, 89 Mo. App. 371.]

2. The referee found that the following items included in the lien account did not go into the building, to-wit:

"2 squares tar paper, 3 ply ............$2.70
2 lb. tin washers, .................... .20
4 lb. roof nails, ....................... 1.20
1 jack-screw .. ..... .... ............ 1.35
Axle greese ........... ............ .10

and the following item dated October 24, 1905: 5 lbs. 8 Penney nails, 25c."

It is insisted by the association that the evidence shows a large amount of nails charged in the account and a number of small items did not go into the building and should have been excluded by the referee. There are twenty-six kegs and one hundred and fourteen pounds of nails charged in the lien account. Schmidt estimated that he used about thirty-six kegs of nails in building. The evidence shows that he bought eighteen kegs of nails from Bahn Brothers which were delivered at the clubhouse. But Schmidt also swore that he had a half dozen or more houses in process of erection under contract during the time he was building the clubhouse and that kegs of nails were taken from the clubhouse to some of these other houses. In this state of the evidence, the

finding of the referee and the approval of that finding by the court is conclusive upon us. [Authorities, supra.]

3. After the evidence was all in, plaintiffs, by leave, amended their petition to charge that they furnished the hardware itemized in the account "for and on the credit of the clubhouse." The association objected to this amendment, and contend here that without the amendment the petition failed to state a cause of action and for that reason the allowance of the amendment was error. The petition alleged that Schmidt erected the building under contract and that the hardware was sold to him by plaintiffs and used by him in the building, but it did not allege that the material was sold to Schmidt *for* the building, and hence did not bring the sale within the lien statute (sec. 4203, Ann. Stat. 1906). For this reason the petition was defective, but the defect was not such as could not be supplied by an amendment, after the evidence was in, or even after final judgment. [Weil v. Simmons, 66 Mo. 1. c. 619; Harlan v. Moore. 132 Mo. 1. c. 490, 34 S. W. 70.]

No reversible error appearing, the judgment is affirmed All concur.