## PHILIP GRUNER & BROS. LUMBER COMPANY, Appellant, v. HARTSHORN-BARBER REALTY AND BUILDING COMPANY et al., Respondents.

**St. Louis Court of Appeals, March 1, 1913.**

1. **MECHANICS' LIENS: Right to Amend Statement.** A person who has filed a mechanic's lien statement, in accordance with Sec. 8217, R. S. 1909, may file an amended statement within the time limited in that section.

2. ———: **Right to Commence New Action.** The plaintiff may dismiss an action to enforce a mechanic's lien and commence a new action within the time limited in Sec. 8228, R. S. 1909.

3. **APPELLATE PRACTICE: Controlling Decisions of Supreme Court.** The last previous ruling of the Supreme Court on any question of law or equity is controlling upon the Courts of Appeals, and it is their duty to follow it.

4. **MECHANICS' LIENS: Statement: "Lien" Defined.** The lien statement in a mechanic's lien proceeding is not the lien; the latter being the charge upon the property arising by operation of law upon the filing of a proper lien statement within the required time.

5. ———: **Effect of Amending Statement.** A lienor, having filed a lien statement for a mechanic's lien and commenced suit to enforce it, does not abandon the lien arising therefrom by operation of law by reason of thereafter filing an amended statement.

6. ———: **Construction of Statute.** The mechanics' lien law should be liberally construed.

7. **PLEADING: Amendments: Construction of Statute.** The provisions of the Code providing for amendments to pleadings should be liberally construed.

8. **MECHANICS' LIENS: Right to Amend Petition: Peading.** Great liberality is allowed in amending petitions in actions to enforce mechanics' liens.

9. **PLEADING: Amendments: Doctrine of "Relation."** The general rule is, that an amended petition relates back to the institution of the suit; but this doctrine is a mere fiction of the law and should be resorted to only for promoting justice and the lawful intention of the parties, by giving effect to acts or instruments which, without it, would be invalid.

10. ——: **Departure: Demurrer.** An objection that an amended petition is a departure from the original petition cannot be reached by demurrer.

11. **MECHANICS' LIENS: Effect of Amending Statement and Petition.** A materialman, after filing a statement for a mechanic's lien and instituting suit to enforce the lien, may, within the time limited in Art. 3, Chap. 34, R. S. 1909, file a second lien statement containing an amended description of the property, and amend his petition to conform thereto; the filing of the second statement not being an abandonment of the lien which arose by operation of law upon the filing of the first statement, and the amended petition, although relating back to the institution of the suit, not counting upon a new cause of action nor seeking to enforce a new or a different lien.

12. **PLEADING: Demurrer: Scope.** Matters not appearing on the face of the petition cannot be reached by demurrer.

13. **MECHANICS' LIENS: Pleading: Scope of Demurrer.** An objection that the notice of a mechanic's lien required by Sec. 8231, R. S. 1909, incorrectly described the property cannot be reached by demurrer where there is nothing on the face of the petition to show that fact.

14. ——: **Amending Statement: Notice.** Where an amended lien statement was filed in a proceeding by a materialman for a mechanic's lien and the petition was amended to conform thereto, a notice given as provided by Sec. 8231, R. S. 1009, prior to the filing of the first statement was all that was required, and it was not necessary to give another notice prior to the filing of the amended statement.

15. ——: ——: ——: **Sufficiency of Description.** In a proceeding by a materialman to enforce a mechanic's lien, the original statement filed described the property as follows: "Lot 21 and the northern 18 ft. of lot 22 of Randall & State Savings Assn's subdivision in block 1899 in the city of St. Louis, fronting 38 ft. on the east line of Baldwin street, by a depth eastwardly of 128 ft. 6 in. to an alley." An amended lien statement filed described the property as follows: "Lot 21 and lot 22 of Randall and State Savings Assn. subdivision in block 1899 of the city of St. Louis, which said lots are contiguous and front 40 ft. on the east line of Baldwin street by a depth extending eastwardly of 128 ft. 6 in. to an alley." The notice given, as required by Sec. 8231, R. S. 1909, contained the description set out in the original statement, and no notice was given prior to the filing of the amended statement. *Held,* that the notice was sufficient to point out and identify the property in question, which is all that is required.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED (*with directions*).

*Leighton Shields, Wm. R. Orthwein, P. H. Cullen, Thomas T. Fauntleroy* and *Shepard Barclay* for appellant.

(1)   Where a statement for a mechanic's lien is defective, by reason (as in this case) of an error in describing the real property, the lienor may, within the statutory period, file another statement for lien upon the same account with a correct description of the property remedying the original defect. Plaintiff had a right to file its second statement for lien of August 10, 1912, amending the description of the first. Burnett v. Clooney, 67 Mo. App. 664; 68 Mo. App. 146; Hannon v. Gibson, 14 Mo. App. 36; Camden v. Steamboat, 6 Mo. 381; Lumber Co. v. Wright, 114 Mo. 326. (2)   The doctrine of "relation" is a "fiction of law" to support and maintain just claims, and not to destroy them. 24 Am. & Eng. Ency. L. (2 Ed.), 275; Lilly v. Tobein, 103 Mo. 490; Land Co. v. Franks, 156 Mo. 690; Wheeler v. Milling Co., 73 Mo. App. 677; DeWitt v. Smith, 63 Mo. 266; Ward v. Davidson, 89 Mo. 445; Reyburn v. Mitchell, 106 Mo. 379; Cohn v. Souders, 175 Mo. 467; Nave v. Adams, 107 Mo. 421. (3)   In a suit to enforce a special tax bill (which is entirely a lien and not a personal suit) it has been held that, when an invalid tax bill was replaced by a second, a suit on the first may proceed by an amended petition on the amended or second tax bill and a valid judgment of lien be entered thereon, without the useless formality of dismissing the first suit and then beginning a new suit on the amended tax bill. That decision on principle involves the identical features of the case at bar. Galbreath v. Newton, 45 Mo. App. 312. (4)   The second amended petition was an abandonment of the

old petition, and so far as the amended lien statement was concerned was in effect a new suit. Young v. Woolfolk, 33 Mo. 110; Ticknor v. Voorhis, 46 Mo. 110. (5) The last lien statement was different from the first in giving a correct and true description of the property. There is no ground to assert that the claims are the same or two liens filed. The burden is on defendants on that issue and their demurrer admits the facts as alleged in the second amended petition, which show a correction in the description of the property against which the lien is sought. Harmon v. Wirtel, 59 Mo. App. 646; Lumber Co. v. Wright, 114 Mo. 326. (6) An amendment of mere description such as here appears should be allowed as a matter of course as part of the customary procedure under the code. Hannon v. Gibson, 14 Mo. App. 36; Newman v. Ry., 19 Mo. App. 100; Calleghan v. McMahan, 33 Mo. 111; Sage v. Tucker, 51 Mo. App. 336; Reyburn v. Mitchell, 106 Mo. 379; 13 Ency. Pl. and Pr., p. 1009. (7) It has long been the policy of the law of Missouri to construe the machanics' lien law reasonably, as remedial legislation to accomplish just results, as intended by its spirit and evident purpose. Crane Co. v. Real Estate Co., 121 Mo. App. 225; DeWitt v. Smith, 63 Mo. 266; Putnam v. Ross, 46 Mo. 337; Hicks v. Schofield, 121 Mo. 381; McAdow v. Sturtevant, 41 Mo. App. 220; Rall Bros. v. McCrary, 45 Mo. App. 370. (8) The decisions of our courts are in favor of a liberal exercise of the power of amendment to save limitations. A petition as a matter of law may date back in order to do justice and save a party, but the courts will not date back a petition for the sake of doing an injustice or to put a party out of court. The dating back of a petition is a fiction of the law. A petition dates as of when it is filed when necessary to support its claim. Childs v. Railroad, 117 Mo. 414; Hannon v. Gibson, 14 Mo. App. 33; Cohn v. Saunders, 175 Mo. 455; Lumber Co. v. Clark, 82 Mo. App. 225.

*Boyle & Priest* and *Paul U. Farley* for respondent.

The demurrer to plaintiff's second amended petition was properly sustained. First: Because the record shows that the action was commenced prior to the filing of the mechanics' lien account which the amended petition seeks to enforce. Second: Because, while the amended petition alleges that the statutory notice of ten days as to the filing of the first lien of May 15, 1910, was given, this essential allegation as to the lien of August 10, 1910, which is sought to be enforced does not appear. Heltzell v. Hynes, 35 Mo. 484; Hewitt v. Truitt, 23 Mo. App. 443.

ALLEN, J.—This is an action to enforce a mechanics' lien. The parties to the record are all corporations. The Warner-Jenkinson Company is alleged to be the owner of the property against which the lien is sought; and the Union Trust Company of St. Louis and the Title Guaranty Trust Company are made defendants because of a certain deed of trust alleged to have been executed by the defendant Warner-Jenkinson Company to the Union Trust Company of St. Louis, as trustee, securing notes payable to the Title Guaranty Trust Company and of which the latter company is alleged, upon information and belief, to have been the holder at the time of the institution of the suit. The defendant Hartshorn-Barber Realty & Building Company is alleged to have been the general contractor for the construction of a brick manufacturing building upon the premises in question; and it is alleged that the plaintiff, a lumber company, furnished materials to said building under contract with the defendant Hartshorn-Barber Realty & Building Company, and for which a lien is sought upon the building and the lots of ground upon which the same is situated. It is alleged that the construction of the building was begun before the execution of the deed

of trust in question, and that therefore plaintiff's right to a lien had priority over the deed of trust.

On May 15, 1910, plaintiff filed a statement of its account and a description of the property against which the lien was sought in the office of the clerk of the circuit court of the city of St. Louis, having, ten days prior thereto, to-wit, on May 5, 1910, given notice in writing to the defendant Warner-Jenkinson Company, the owner of the premises, of its claim against the property, the amount thereof, from whom due, and of its intention to file a lien therefor.

Thereafter, to-wit, on May 28, 1910, plaintiff filed its original petition herein, in the circuit court of the city of St. Louis for the enforcement of said lien, and on June 3, 1910, a writ of summons was duly issued for all of the defendants, returnable to the October term 1910 of said court. In the said lien statement filed on said May 15, 1910, the said real estate was described as follows:

"Lot twenty-one (21) and the northern eighteen (18) feet of lot No. twenty-two (22) of Randall & State Savings Assn. subdivision in block eighteen ninety-nine (1899), in the city of St. Louis, fronting thirty-eight (38) feet on the east line of Baldwin street, by a depth eastwardly of one hundred and twenty-eight (128) feet six (6) inches to an alley."

In the original petition filed herein, said real estate was likewise described as above. Thereafter, on the 10th day of August, 1910, and within four months after the indebtedness accrued upon which plaintiff's claim to a lien is based, plaintiff filed an amended lien statement with the clerk of the circuit court of said city of St. Louis, in which no change was made in the statement of plaintiff's account, but in which the description of the property was slightly changed; said amended description thereof being as follows:

"Lot twenty-one (21) and lot No. twenty-two (22) of Randall & State Savings Assn.'s subdivisions in

block eighteen ninety-nine (1899) of the city of St. Louis, which said lots are contiguous and front forty (40) feet on the east line of Baldwin street by a depth extending eastwardly of one hundred and twenty-eight (128) feet six (6) inches to an alley.''

Thereafter, on September 29, 1910, plaintiff filed its first amended petition; and on December 13, 1910, filed its second amended petition, in which said property is described as in the amended lien statement filed August 10, 1910.

It appears upon the face of plaintiff's second amended petition that ''on May 15, 1910, it filed a statement of its account and a description to said property, which is recorded in the office of the clerk of the circuit court of the city of St. Louis, in vol. 7 of mechanic's lien book number 11,623, and on the 10th day of August, 1910, and within four (4) months after the aforesaid indebtedness on the aforesaid account accrued, it did amend its said statement of account and description, and did in accordance with the statute in that behalf made and provided, duly file with the clerk of the circuit court of the city of St. Louis a just and true account of the demand due it as aforesaid, after all just credits had been given, and that it so filed the same as a mechanic's lien upon said above described real estate and building, and that it then and there filed therewith, as a part thereof, a true description of said real estate and building;  .   .   .     that in pursuance of the statute in that behalf made and provided, and more than ten days prior to the filing of said lien, to-wit, on May 5, 1910, the plaintiff herein gave notice, in writing, to said defendant Warner-Jenkinson Company of its claim against said building improvements, the amount thereof, from whom due, and of its intention to file a lien therefor, which said notice was, on said last named date, duly served upon the said defendant Warner-Jenkinson Company in ac-

cordance with the statute in that behalf made and provided.''

To this second amended petition the defendants Warner-Jenkinson Company, Union Trust Company of St. Louis and the Title Guaranty Trust Company filed separate demurrers, which demurrers were by the court sustained. The plaintiff refused to plead further as to these defendants, and stood upon its second amended petition. The defendant Hartshorn-Barber Realty & Building Company made default, and judgment was entered in favor of plaintiff against this defendant for the amount of plaintiff's claim, without a lien upon the property. Judgment was entered upon the demurrers in favor of the other defendants, and plaintiff appeals.

Although the case is here upon an appeal from the action of the trial court in sustaining demurers to plaintiff's petition and the final judgment entered upon said demurrers, it is unnecessary to set out more of the petition than we have above, for the reason that the demurrers were sustained upon the ground that when plaintiff filed its amended lien statement with the clerk of the circuit court on August 10, 1910, the latter date became the date of the filing of the lien; that the second amended petition related back to the institution of the suit, to-wit, May 28, 1910; and that therefore plaintiff was in the position of having filed its suit to enforce a lien prior to the time when the lien statement itself was filed; the date of the filing of the amended lien statement appearing upon the face of the amended petition. It is not suggested here that the petition is demurrable on any other ground, and we do not perceive that it is.

Sec. 8217, Art. 3 of chapter 34, Revised Statutes, 1909, relating to mechanic's liens provides as follows: ''It shall be the duty of every original contractor within six months, and every journeyman and day laborer within sixty days and every other person seeking to

obtain the benefit of this article within four months, after the indebtedness shall have accrued, to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply. . . ."

Sec. 8231, of said article, Revised Statutes 1909, provides: "Every person except the original contractor, who may wish to avail himself of the benefit of the provisions of this article, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due. . . ."

Sec. 8228, of said article, Revised Statutes 1909, provides as follows: "All actions under this article shall be commenced within ninety days after filing the lien, and prosecuted without unnecessary delay to final judgment; and no lien shall continue to exist, by virtue of the provisions of this article, for more than ninety days after the lien shall be filed, unless within that time an action shall be instituted thereon, as hereinbefore prescribed."

Sec. 8220, of said article, Revised Statutes, 1909, is as follows: "The pleadings, practice, process and other proceedings in cases arising under this article shall be the same as in ordinary civil actions and proceedings in circuit courts, except as herein otherwise provided. The petition, among other things, shall allege the facts necessary for securing a lien under this article, and shall contain a description of the property charged therewith."

Plaintiff's right to file an amended lien statement, within the statutory period after the indebtedness to

it accrued, is beyond dispute and is not challenged here. The question is whether plaintiff may file its lien statement, institute a suit thereon to enforce the lien, and then file, within the statutory period, an amended lien statement and amend its petition to conform thereto. Unquestionably plaintiff might have dismissed the action and filed a new suit, within the required time, based upon the amended lien statement; and the lower court, as stated in its memorandum filed, thought that plaintiff should have pursued this course.

In the early case of Mulloy v. Lawrence, 31 Mo. 583, it was held that where one filed a lien statement and failed to bring suit to enforce the lien within ninety days, he could not thereafter file a second lien statement, although within the time allowed therefor by the statute; for, as the court said, "The plaintiff could have but one lien for the same demand."

In Davis v. Schuler, 38 Mo. 28, it was held that where the first lien statement filed was void, for failure to give the required notice of the filing thereof, the claimant might file another, if the prescribed time had not expired. The first lien statement filed was regarded as a nullity, and hence there were not two liens for the same claim against the same property.

In Williams v. Railroad, 112 Mo. 463, 20 S. W. 631, it was held that a railroad contractor was entitled to one valid lien for work done and materials furnished, and that if the first lien statement were defective, he might file another within ninety days from the completion of the work. In that case the lien statement was defective for the reason that it contained merely a lumping charge, and it was held that, since the statute called for a just and true account, which meant a fairly itemized account, the first lien statement would not support an action for a lien, and that a second one might be filed within the prescribed time. The plaintiff had instituted a suit to enforce his lien, based upon

the first lien statement; but after the filing of the second lien statement, plaintiff dismissed his original suit, and filed another based upon the amended lien statement.

In South Missouri Lumber Company v. Wright, 114 Mo. 326, 21 S. W. 811, the original lien statement, filed December 5, 1889, omitted a portion of the land sought to be charged with the lien. The lienor filed an amended lien statement, within the prescribed time, to-wit, December 21, 1889, correcting the description of the property. The suit to enforce the lien was not begun until after the filing of the second lien statement. The court reviewed the decisions in Mulloy v. Lawrence, Davis v. Schuler and Williams v. Railroad, supra, and said: "While the first lien was not void as in the two cases last cited, still it was defective in this, that it omitted one house and the half of one lot. Being a defective and incomplete lien statement, the plaintiff could file a perfect one at any time within the period prescribed for filing lien statements. The reason and justice of the rule allowing a second statement to be filed when the first is worthless, applies as well to a case like this where the statement omits a part of the property. *The date of filing the lien is therefore December* 21, 1889." (The italics are ours.)

In the case before us, the trial court based its ruling on the demurrers upon the case last above cited. In its memorandum filed herein the court said: "In cases in which the first lien was absolutely void there can be no question that the lien must date from the filing of the lien paper which was valid, but where the original lien paper was not a nullity it might seem reasonable to claim that the amended lien related back to the original lien papers. However, as already stated, the Supreme Court has taken the opposite position, and in the Wright case, vol. 114, held in effect that by filing a second lien, the lien claimant abandoned the first and treated it as a nullity. By so hold-

ing the decision is consistent with the court's former decisions to the effect that two liens cannot exist upon the same property for the same claim. By filing the second, the claimant simply abandons the first.''

An examination, however, of the opinion in South Missouri Lumber Copany v. Wright, supra, discloses that the chief defense urged in the case was that plaintiff had lost its lien because, as was said, it did not commence the suit against Wright, the owner of the property, within the time prescribed by law. This was urged for the reason that, by a clerical mistake, Wright's name was omitted in the caption of the petition, and hence his name was not inserted in the original writ. ''The clerical error was corrected, by consent of the court, by inserting the name of Wright in the caption of the petition on February 15, 1890, though no formal order allowing the correction was made until the date of trial in the following November.'' However, on April 21, 1890, Wright entered his appearance, and later, by order of court, the original writ was amended by inserting his name. The Supreme Court in dealing with the case said: ''The first inquiry is: When was the lien statement filed, on the fifth or twenty-first of December, 1889?'' Then follows a discussion of the earlier cases to which we have referred; and then appears that portion of the opinion which we have quoted above, in which it is said that the date of filing the lien was December 21, the date upon which the amended lien statement was filed.

Later on in the opinion it is held that the suit was commenced against Wright by the filing of the original petition, and that the fact that he did not enter his appearance within the ninety days after the lien statement was filed was immaterial. Wright's name repeatedly occurred in the body of the petition, where he was designated as ''defendant John A. Wright,'' and it was held that failure to insert his name in the caption of the petition was a mere clerical error; that

171 Mo. App.—40

summons might have been issued on the petition as it stood, and that the date of filing the petition, and not that of the issuance of the summons, was the date of the institution of the suit.

It is readily seen, therefore, that the latter case is not squarely in point on the question that we have before us. It did not involve the right to file an amended petition to enforce a lien based upon an amended lien statement, the latter being filed subsequent to the institution of the suit. Furthermore it is readily apparent that it was immaterial in that case to determine whether the date of filing the lien statement sought to be enforced was to be regarded as December 5 or December 21, for the reason that the petition was filed December 28, and this was held to be the date of the commencement of the suit against Wright. Obviously the suit was begun within the prescribed ninety days, whether this period be reckoned from December 5th or December 21st.

In the case before us, the ground upon which the trial court sustained the demurrers is so narrow and technical that we are not inclined to support its ruling, unless compelled to do so by a ruling of our Supreme Court on the very question involved. The lower court reached its conclusion with reluctance but felt compelled to do so under the authorities to which the court refers. Under the Constitution the last previous ruling of the Supreme Court on any question of law or equity is controlling upon us, and it is our plain duty to follow it. [Cons. art. VI., sec. 6.] We are cited to no decision of the Supreme Court later than that of South Missouri Lumber Company v. Wright, supra, bearing upon the real question before us, and we have found none. And we do not consider the ruling in that case by any means decisive of the point here in controversy.

The lien statement (sometimes called the lien claim, or lien account) is frequently referred to as "the

lien." The instrument filed is of course not the lien, but the latter is the charge upon the property arising by operation of law upon the filing of a proper instrument of writing, i. e. the lien statement, within the required time. Upon the filing of such instrument in due form, the lien at once arises, and where the claimant files his suit to enforce the lien, we think it is inaccurate to say that, by thereafter filing a second lien statement, merely to make such a correction as was made here, he thereby abandons the original *lien*. On the contrary, he is seeking to perfect and enforce that lien—attempting to enforce one lien and only one for the same demand. This ought not to be held to violate the principle that he can have but one lien for the same demand, for obviously he seeks to enforce but one. It is immaterial for our purposes here that, in such a case as this, he may be regarded as having abandoned the first lien statement. If so, it does not mean that the lien arising therefrom is abandoned. This could no more be said to be true than it could be said that a plaintiff, by filing an amended petition abandons his suit, although he is regarded as having abandoned the prior pleading. The most that the South Missouri Lumber Company case can be said to decide, so far as concerns the question before us, is that where a claimant files an amended lien statement, prior to bringing a suit to enforce the lien, even where the first lien statement was not void, a liberal construction of the mechanic's lien law would allow him ninety days after filing the second lien statement in which to bring his suit to enforce the lien. Not having sought to enforce the lien arising from filing his first lien statement, he could well be considered as having abandoned the lien so created.

That the policy of our courts has long been to give a liberal construction to the mechanic's lien statute is well known. In DeWitt v. Smith, 63 Mo. 266, the court speaking through WAGNER, J., said: "The

courts at one time were inclined to hold that enactments for mechanic's liens were in derogation of the common law, and their provisions should therefore be construed strictly against those who sought to avail themselves of their benefits. But the better doctrine now is, that these statutes are highly remedial in their nature, and should receive a liberal construction to advance the just and beneficient objects had in view in their passage. Their great aim and purpose is to do substantial justice between the parties, and this should never be lost sight of in giving them a practical construction." This rule of construction has been steadily adhered to by our courts.

In Sawyer, etc., Lumber Company v. Clark, 172 Mo. l. c. 598, 73 S. W. 137, the court speaking through GANTT, P. J., said: "It has often been held that this statute should receive a liberal construction to effectuate its remedial purposes." [See, also, Powers, etc., Roofing Company v. Trust Company, 146 Mo. App. 36, 123 S. W. 490; Crane Company v. Real Estate Company, 121 Mo. App. l. c. 225, 98 S. W. 795, and cases there cited.]

In Barnett v. Cluney, 68 Mo. App. 146, this court speaking through RAMBAUER, P. J., said: "The first lien filed in this case was unquestionably defective, as it erroneously stated the name of the contractor. . . . Hence the first lien account filed was not a full compliance with the statute, and to that extent defective. Whether it would have supported an action or not, it is needless for us to decide as under the later cases a mere defect in the first lien account justifies the filing of another. It is proper practice in such cases to have the second lien account refer in some manner to the first, so that the record should not show two incumbrances where in fact only one exists." In other words, the court there recognized clearly that the claimant sought to enforce but one lien. This is true in the case before us; and here the plaintiff's second

amended petition recites the filing of both lien state-
ments, thereby showing that it seeks to enforce but one
lien for its demand.

We shall not attempt to discuss the cases to which
we are referred by diligent counsel for appellant, bear-
ing upon the doctrine that an amended petition re-
lates back to the institution of the suit. This of course
is the general rule. [Smith v. Transit Company, 133
Mo. App. l. c. 205, 113 S. W. 216, and authorities there
cited.] Our Code however makes liberal provision for
the amendment of pleadings, and it has been repeat-
edly held that these provisions should be given a
liberal construction. Sec. 8220, supra, provides that
"the pleadings, practice, process and other proceed-
ings" in cases arising under the mechanic's lien stat-
ute "shall be the same as in ordinary civil actions and
proceedings in circuit courts," except as the statute
may otherwise provide. Great liberality has been al-
lowed in amending petitions to enforce mechanic's
liens. [Hannon v. Gibson, 14 Mo. App. l. c. 36; Newman
v. Railway, 19 Mo. App. 100; Mann v. Schroer, 50 Mo.
306; Wheeler v. Milling Company, 73 Mo. App. 672;
Darlington v. Eldridge, 88 Mo. App. 525; Meyer v.
Schmidt, 131 Mo. App. 53, 109 S. W. 833.]

Had the petition been amended to make the de-
scription of the property therein conform to that in
the first lien statement, no question could have arisen
as to the propriety of the amendment. . The difficulty
in the case arose merely because of the doctrine that
the amended petition relates back to the date of the
institution of the suit. The doctrine of "relation"
is of course a mere fiction of law, and it has been said
that it should be resorted to only for the promotion
of justice and for promoting the lawful intention of
parties, by giving effect to acts or instruments which,
without it, would be invalid. [24 Am. & Eng. Ency.
(2 Ed.) 275; Ormiston v. Trumbo, 77 Mo. App. l. c.
316; Land & Lumber Company v. Franks, 156 Mo. l.

c. 690, 57 S. W. 540.] However, as we have said above, the general doctrine seems to be established that the amended petition relates back to the filing of the original petition. Nevertheless we think that it does not prevent the plaintiff here from enforcing the one lien with which it has sought to charge the property. No new cause of action is set out in the amended petition, but on the contrary it declares upon the same cause of action as the original petition and seeks to enforce the same lien. And if the allegations of the amended petition had constituted a departure from the original petition, this could not have been reached by demurrer.

In Galbreath v. Newton, 45 Mo. App. 312, the action was upon special taxbills. Long after the institution of the suit upon the original taxbills, and after the latter had, on appeal been adjudged irregular or defective, amended bills were issued to take the place of those originaly sued upon. Thereupon plaintiff filed an amended petition declaring upon the taxbills as amended. The defendant moved to strike out the amended petition on the ground that it was a departure from the cause of action contained in the original petition, in that the amended petition declared upon taxbills issued since the action was begun. The appellate court sustained the action of the lower court in overruling the motion, holding that it was proper to amend the original bills, as the latter were not void, saying: ''The amended taxbills as now set out in the amended petition do not constitute new and distinct causes of action, different from those in the original petition, but comprise the same causes of action more definitely and formally declared.''

While that was not a mechanic's lien case, the principle involved was substantially that with which we are dealing. The suit was solely to enforce the lien of the special taxbills. Such a suit can no more be brought prior to the issuance of the taxbills upon which it is founded than can an action be brought to

enforce a mechanic's lien prior to the filing of the instrument requisite to give rise to the lien.

For the reasons indicated above we are of the opinion that the plaintiff could rightfully amend its lien statement, in the manner set out above, and thereafter amend its petition to conform thereto; and though the amended petition may be said to relate back to the institution of the suit, plaintiff may nevertheless enforce its lien created by the filing of the original lien statement and which was simply made more definite and perfected by filing the second lien statement. To say that the plaintiff should be driven out of court, under such circumstances, without a hearing of its claim upon the merits, and when it is too late for plaintiff to institute another action to enforce its lien would be merely to stick in the technicalities of the law. It would indeed be a sad commentary upon our system of jurisprudence; especially in view of the oft-repeated declaration of our courts to the effect that the mechanic's lien statute should be given a liberal construction to effectuate the purposes of its enactment, and in view of the supposed liberality of our Code with respect to the amendment of pleadings.

Counsel for respondents have cited to us but two cases, and these holding that the statutory notice of ten days must be given prior to the filing of a lien statement, where one, other than the original contractor, wishes to avail himself of the benefit of the mechanic's lien statute. In view of the provisions of section 8231, supra, no comment is necessary upon this question. Respondents say, however, that there is no allegation in the second amended petition of the giving of this notice "as to the lien of August 10, 1910, which is sought to be enforced." This question might be disposed of by saying that from the portion of the second amended petition quoted above it appears that it is distinctly averred that the statutory notice was given. There is nothing upon the face of the sec-

ond amended petition to indicate that the notice incorrectly described the property; and the question would not be reached by the demurrer. It may however be well to say that as there was but one lien, but one notice was necessary, and the notice given, describing the property as described in the first lien statement, was sufficient to point out and identify the premises in question. This is all that is required. [Hammond v. Darlington, 109 Mo. App. 333, 84 S. W. 446; Powers, etc., Cornice & Roofing Company v. Muir, 146 Mo. App. 36, 123 S. W. 490.]

The judgment of the circuit court is reversed, and the cause remanded, with directions to that court to overrule the demurrers of respondents, and that the cause as to them proceed to trial upon the merits. *Reynolds, P. J.,* and *Nortoni, J.,* concur.